Ward Merdes, ABN 8906027
P.O. Box 71309
Fairbanks, AK 99707
452-5400 (w) | 452-8879 (f)
Attorney For Plaintiff Meadow Williams

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT FAIRBANKS

MEADOW M. WILLIAMS,

     Plaintiff,

vs.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendants.

Case No. 4FA-22-       CI

COMPLAINT FOR
BREACH OF CONTRACT AND DECLARATORY RELIEF

Pursuant to CR 8(a), Meadow M. Williams (Williams), alleges against Allstate

Fire and Casualty Insurance Company (Allstate) as follows:

JURISDICTION OF THIS COURT

1.     Williams is a resident of Alaska;

2.     Allstate is an insurance company that at all relevant times has been

licensed to do business in the state of Alaska and this action arises from that business;

3.     This Court has jurisdiction pursuant to AS 09.05.015, and AS

22.10.020(a)/(g);

FACTS ALLEGED WITH
PARTICULARITY PURSUANT TO CR 26(a)(1)(B),(D)&(E)

4.     Nathan L. Williams is Plaintiff Meadow M. Williams' biological father;

5.     At all relevant times, Meadow M. Williams (DOB: 08/09/02) physically

resided in Nathan L. Williams' residence at 680 Wayne Williams Ln. Fairbanks, AK 99712 as her fixed and principal domicile with the intention to continue residence there;

6.      Williams was injured in a Motor Vehicle Crash (MVC) on DOL: 08/20/20;

7.      The DOL: 08/20/20 MVC occurred while Williams was a passenger on a two-wheel Kawasaki Motorcycle driven by Jakob Lee;

8.      At approximately 1400 on DOL: 08/20/20, Mr. Lee was driving EB on Gaffney Rd., facing a circular Green Signal, while crossing Cushman St. in Fairbanks;

9.      At the same time, tortfeasor Sean Sampson was driving a four-wheel, blue, 2018 Subaru sedan NB on Cushman St., approaching Gaffney Rd., facing a circular Red Signal;

10.     Mr. Sampson entered the Cushman/Gaffney intersection while still facing a circular Red Signal, planting the front of his four-wheel, blue, 2018 Subaru Sedan onto the right side of Mr. Lee's motorcycle;

11.     Tortfeasor Sampson was both negligent, and negligent *per se* pursuant to *Ferrell v. Baxter*, 484 P.2d 250, 257-258 (Alaska 1971), and 13 AAC 02.010(a)(3)(A) **Traffic-control signal legend**;

12.     The DOL: 08/20/20 MVC at issue arose *solely* from tortfeasor Sampson's negligence and/or negligence *per se* while using a four-wheel, blue, 2018 Subaru Sedan;

13.     At all relevant times, Meadow M. Williams was insured under her father, Nathan L. Williams' Allstate Auto Insurance Policy #: 807 825 397 [embracing Allstate Auto Policy form ACR65];

14.     **Ex. 1** is an accurate, complete, and admissible copy of Williams/Allstate

Williams v. Allstate
Complaint Declaratory Relief and Breach of Contract
Page -2-       Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 2 of 63

Auto Insurance Policy #: 807 825 397's Declarations Sheet embracing DOL: 08/20/20

along with Allstate Auto Insurance Policy form ACR65;

15. Williams/Allstate auto insurance Policy #807 825 397 [form ACR65]

provides 50/100 of Underinsured Motorist coverage and more importantly, $100,000 of

"Part 2 Automobile Medical Payments Coverage CC" (MedPay) to "**insured persons**"

as follows:



**Part 2**
**Automobile Medical Payments**
**Coverage CC**

**General Statement Of Coverage**

If a premium is shown on the Policy Declarations for **Automobile Medical Payments**, **we** will pay to or on behalf of an **insured person** reasonable expenses actually incurred by the **insured person** for necessary medical treatment, medical services or medical products actually provided to the **insured person** by a state licensed health care provider. Ambulance, hospital, medical, surgical, X-ray, dental, orthopedic and prosthetic devices, professional nursing services, pharmaceuticals, eyeglasses, and hearing aids are covered. In addition, funeral expenses are covered if a **motor vehicle** accident results in death of an **insured person** and:

1. the Policy Declarations indicates **your** policy includes **Automobile Death Indemnity Insurance**, but no benefit is payable for death of that person under **Automobile Death Indemnity Insurance**; or
2. the Policy Declarations does not indicate **your** policy includes **Automobile Death Indemnity Insurance**.

**Ex. 1** at 17/24, Allstate Auto Insurance Policy form ACR65 at 9/16;

16. Allstate's Alaskan Auto Policy form ACR65's [**Ex. 1**] MedPay coverage

defines an "**insured persons**" to embrace not only the named insured [Nathan L.

Williams] but also "any **resident** relative" as follows:



2. **Insured Person(s)** means:
   a) **You** and any **resident** relative who sustains **bodily injury** while in, on, getting into or out of, or getting on or off of, an **auto**, **trailer**, or **travel-trailer**, or when struck as a pedestrian by a **motor vehicle**, **trailer**, or **travel-trailer**. The use of a **non-owned auto** must be with the owner's permission.

**Ex. 1** at 17/24, Allstate Auto Insurance Policy form ACR65 at 9/16;

Williams v. Allstate
Complaint Declaratory Relief and Breach of Contract
Page -3-    Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 3 of 63

17.     Allstate's Alaskan Auto Policy form ACR65's [**Ex. 1**] MedPay coverage defines a "**resident**" under its "**Definitions Used Throughout The Policy**" starting at page 3/16 of **Ex. 1** as follows:

> 6.  **Resident** means a person who physically resides in **your** household with the intention to continue residence there. **Your** unmarried dependent children while temporarily away from home will be considered **residents** if they intend to resume residing in **your** household.

**Ex. 1** at 12/24, Allstate Auto Insurance Policy form ACR65 at 4/16;

18.     Allstate modified its definition of "**Resident**" in Allstate Auto insurance Policy form ACR221 to reference the insured's "fixed and principal domicile" as follows:

> 6.  **Resident** means a person who physically resides in **your** household and **your** household is that person's fixed and principal domicile. **Your** unmarried dependent children while temporarily away from home will be considered **residents** if they intend to resume residing in **your** household.

19.     On DOL: 08/20/20, plaintiff Meadow M. Williams was an "**insured person**" for Medical Payments insurance coverage under Williams/Allstate Auto Policy #807 825 397 [form ACR65];

20.     After conservative care for Williams' right knee failed, on 02/01/21 Williams underwent related and necessary knee surgery, performed by State of Alaska licensed orthopedic surgeon Douglas Prevost, MD in Anchorage;

21.     **Ex. 2** is an accurate and admissible ER 1006 medical billing summary (with related billing records) demonstrating that Williams' related and reasonable medical/surgical bills to date exceed $44,000;

22.     **Ex. 3** is an accurate and admissible copy of Defendant Allstate's 11/05/21 $57,291.92 "Policy Limits" payment to Williams under the "Underinsured Motorist"

Williams v. Allstate
Complaint Declaratory Relief and Breach of Contract
Page -4-       Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 4 of 63

coverage of Williams/Allstate Auto Policy #807 825 397;

DISPUTE OVER MEDPAY COVERAGE

23.    **Ex. 4** is an accurate and admissible copy of Williams' 12/03/20

Representation Letter that includes a demand for payment of Williams' related medical

bills [Para. 10] under the at issue "Part 2 Automobile Medical Payments Coverage CC"

of Williams/Allstate Auto insurance Policy #: 807 825 397;

24.    **Ex. 5** is an accurate and admissible copy of Allstate's original 08/30/21

MedPay coverage denial, based *solely* upon Allstate's form ACR65 MedPay exclusion

#6, which excludes coverage for medical bills "arising out of the … use of a **motor**

**vehicle** with less than four wheels":

**Exclusions—What Is Not Covered**
This coverage does not apply to **bodily injury**:

\*\*\*

6.    to any person arising out of the ownership, maintenance, or use of a
**motor vehicle** with less than four wheels.

25.    **Ex. 6** is an accurate and admissible copy of Williams' 11/22/21 request for

Allstate to reconsider its 08/30/21 MedPay coverage denial for three reasons: (1)

Allstate may be relying upon the wrong policy form; (2) MedPay exclusion #6 is

inapplicable because the DOL: 08/20/20 MVC did not "arise" out of the "use" of a

Motorcycle, but rather "arose" out of the "use" of a four-wheel, blue, 2018 Subaru Sedan

driven by tortfeasor Sampson; and (3) Medpay Exclusion #6 is ambiguous and hence

must be narrowly construed;

26.    **Ex. 7** is an accurate and admissible copy of Allstate's 01/04/22 email

affirmation of its original 08/30/21 MedPay denial;

Williams v. Allstate
Complaint Declaratory Relief and Breach of Contract
Page -5-    Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 5 of 63

27.     [Conditions Satisfied] All conditions incident to Williams' right to bring and maintain this action have been satisfied or waived by the party to whom the benefit of such condition(s) flow(s);

## CAUSES OF ACTION

28.     [Breach of Contract] Allstate breached its insurance contract with Plaintiff Meadow M. Williams, damaging her in an amount to be decided by a judge or jury;

29.     [Declaration of Insurance Coverage] Allstate wrongfully applied its form ACR65 Medical Payments exclusion #6 to Plaintiff Meadow M. Williams' claim for payment of medical bills related to the DOL: 08/20/20 MVC.

WHEREFORE, plaintiff Meadow M. Williams prays for the following relief against Allstate Fire and Casualty Insurance Company as follows:

1.     Judgment against Allstate for *past* medical bills incurred by Williams and related to the DOL: 08/20/20 MVC at issue;

2.     A Declaration that Allstate wrongfully applied its form ACR65 Medical Payments exclusion #6 to Plaintiff Meadow M. Williams' Medical Payments claim and hence Ms. Williams is entitled to MedPay coverage thereunder according to the terms and conditions found in said policy; and

3.     Such other and further relief as the Court deems just, including without limit interest, costs, and Attorney fees pursuant to the logic and equity found in *Olympic Steamship Co., Inc. v. Centennial Ins. Co, et al.*, 811 P.2d 673, 681 (Wash. 1991): "[A]n award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action to obtain the full benefit of his insurance contract …"

DATED this 10th day of January, 2022.

MERDES LAW OFFICE, P.C.
Attorney for Plaintiff Meadow M. Williams

_____
Ward M. Merdes, ABN 8906027

Williams v. Allstate
Complaint Declaratory Relief and Breach of Contract
Page -6-      Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 6 of 63

# Amended auto policy declarations

Your policy effective date is July 5, 2020





## Total Premium for the Policy Period

Please review your insured vehicles and verify their VINs are correct.

| Vehicles covered | Identification Number (VIN) | Premium |
|---|---|---|
| 2011 Nissan Titan | 1N6AA0EC7BN303042 | $648.93 |
| 2009 Jeep Grnd Cheroke | 1J8GS48K69C550510 | 268.07 |
| 2013 Honda Pilot | 5FNYF4H51DB033282 | 441.24 |
| 2007 Nissan Xterra | 5N1AN08W07C516247 | 244.53 |
| Additional coverages | | |

| | |
|---|---|
| **If you pay in installments\*** | **$1,602.77** |
| **If you pay in full (includes FullPay® Discount)** | **$1,473.48** |

*\* Your bill will be sent separately. Before making a payment, please refer to your latest bill, which includes payment options and installment fee information. If you do not pay in full, you will be charged an installment fee(s). If you do not pay your bill by the due date shown on your billing statement, you may be charged a late fee.*

See the **Important payment and coverage information** section for details about installment fees.

## Discounts (included in your total premium)

| | | | |
|---|---|---|---|
| Passive Restraint | $43.62 | Multiple Policy | $159.59 |
| Antilock Brakes | $120.35 | Premier | $57.75 |
| Allstate Easy Pay Plan | $75.59 | Good Payer | $142.08 |
| Future Effective Date | $159.61 | Preferred Package | $195.81 |
| Drivewise® Performance Rating | $24.11 | Premier Plus | $262.58 |
| Good Student | $22.25 | Drivewise® Enrollment | $15.07 |

| | |
|---|---|
| **Total discounts** | **$1,278.41** |

### Discounts per vehicle

| 2011 Nissan Titan | | | $425.46 |
|---|---|---|---|
| Passive Restraint | $10.30 | Multiple Policy | $67.43 |
| Antilock Brakes | $47.91 | Premier | $57.75 |
| Allstate Easy Pay Plan | $31.93 | Good Payer | $60.03 |
| Future Effective Date | $67.43 | Preferred Package | $82.68 |

*(continued)*

---

Information as of July 1, 2020

## Summary

Named Insured(s)
**Nathan L Williams**

Mailing address
███████████████

Policy number
**807 825 397**

Your policy provided by
**Allstate Fire and Casualty Insurance Company**

Policy period
Beginning **July 5, 2020** through **January 5, 2021** at 12:01 a.m. standard time

Your policy change is effective
**July 5, 2020**

Your Allstate agency is
**Chris Marok**
59 College Rd #205
Fairbanks AK 99701
(907) 452-5664
CHRIS.MAROK@allstate.com

**Some or all of the information on your Policy Declarations is used in the rating of your policy or it could affect your eligibility for certain coverages. Please notify us immediately if you believe that any information on your Policy Declarations is incorrect. We will make corrections once you have notified us, and any resulting rate adjustments, will be made only for the current policy period or for future policy periods. Please also notify us immediately if you believe any coverages are not listed or are inaccurately listed.**

AK010AMD 02/19



Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 7 of 63 Ex. 1, Page 1 of 24

Amended auto policy declarations
Policy number: $\boxed{807\ 825\ 397}$
Policy effective date: July 5, 2020

## Discounts per vehicle (continued)

| 2011 Nissan Titan | | | | $425.46 |
|---|---|---|---|---|
| Drivewise® Performance Rating | | | | |

| 2009 Jeep Grnd Cheroke | | | | $245.75 |
|---|---|---|---|---|
| Passive Restraint | $12.71 | Multiple Policy | $24.87 | |
| Antilock Brakes | $21.57 | Premier Plus | $80.39 | |
| Allstate Easy Pay Plan | $11.79 | Good Payer | $22.14 | |
| Future Effective Date | $24.88 | Preferred Package | $30.55 | |
| Drivewise® Performance Rating | $16.85 | | | |

| 2013 Honda Pilot | | | | $364.62 |
|---|---|---|---|---|
| Passive Restraint | $8.23 | Multiple Policy | $45.05 | |
| Antilock Brakes | $31.84 | Premier Plus | $110.48 | |
| Allstate Easy Pay Plan | $21.34 | Good Payer | $40.11 | |
| Future Effective Date | $45.04 | Preferred Package | $55.27 | |
| Drivewise® Performance Rating | $7.26 | | | |

| 2007 Nissan Xterra | | | | $242.58 |
|---|---|---|---|---|
| Good Student | $22.25 | Passive Restraint | $12.38 | |
| Multiple Policy | $22.24 | Antilock Brakes | $19.03 | |
| Premier Plus | $71.71 | Allstate Easy Pay Plan | $10.53 | |
| Good Payer | $19.80 | Future Effective Date | $22.26 | |
| Preferred Package | $27.31 | Drivewise® Enrollment | $15.07 | |

## Listed drivers on your policy*

**Nathan Williams**
**Autumn Williams**
**Meadow Williams**

*Are there licensed drivers not listed above who either reside in your household (even if temporarily away from home) or are guests staying in your home for an extended period? If so, please contact us so your policy information and coverage is up to date. There are circumstances under which a loss may not be covered by this policy because the auto was being operated by someone residing at your house who is not listed on the policy. Additional detail about how we treat undisclosed drivers can be found in your policy.*

AK010AMD 02/9

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1, Page 2 of 63

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 8 of 24

Amended auto policy declarations
Policy number: 807 825 397
Policy effective date: July 5, 2020

Page **3** of 8



### *Excluded drivers from your policy*

None



AK010AMD 02/19



Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1 Page 3 of 8

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 9 of 63

Amended auto policy declarations
Policy number: **807 825 397**
Policy effective date: July 5, 2020

## Coverage detail for 2011 Nissan Titan

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $141.50 |
| • Bodily Injury | $300,000 each person $500,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | Actual cash value | $1,000 | $289.86 |
| Auto Comprehensive Insurance | Actual cash value | $1,000 | $151.57 |
| Collision for Custom Equipment | **Not purchased\*** | | |
| Comprehensive for Custom Equipment | **Not purchased\*** | | |
| Roadside Coverage | **Not purchased\*** | | |
| Transportation Expense | **Not purchased\*** | | |
| Uninsured Motorists Insurance | | | $41.98 |
| • Bodily Injury | $50,000 each person $100,000 each accident | Not applicable | |
| • Property Damage | $25,000 each accident | $250 | |
| Auto Replacement Protection | **Not purchased\*** | | |
| Automobile Medical Payments | $100,000 each person | Not applicable | $24.02 |
| Portable Electronics and Media | **Not purchased\*** | | |
| Sound System | **Not purchased\*** | | |
| **Total premium for 2011 Nissan Titan** | | | **$648.93** |

**\* This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**VIN** 1N6AA0EC7BN303042

**Rating information**
• Owns residence
• Unmarried driver age 51, good driver rate

## Coverage detail for 2009 Jeep Grnd Cheroke

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $194.24 |
| • Bodily Injury | $300,000 each person $500,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | **Not purchased\*** | | |
| Auto Comprehensive Insurance | **Not purchased\*** | | |
| Collision for Custom Equipment | **Not purchased\*** | | |

*(continued)*

AK010AMD 02/9
027 010 051
20070TA000130
100000OAA00013002TAK000200700251580002180030060235500

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Exhibit A, Page 4 of 24
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 10 of 63

Amended auto policy declarations
Policy number: 807 825 397
Policy effective date: July 5, 2020

Page **5** of 8



| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Comprehensive for Custom Equipment | **Not purchased*** | | |
| Roadside Coverage | **Not purchased*** | | |
| Transportation Expense | **Not purchased*** | | |
| Uninsured Motorists Insurance | | | $44.15 |
| • Bodily Injury | $50,000 each person $100,000 each accident | Not applicable | |
| • Property Damage | $25,000 each accident | $250 | |
| Auto Replacement Protection | **Not purchased*** | | |
| Automobile Medical Payments | $100,000 each person | Not applicable | $29.68 |
| Portable Electronics and Media | **Not purchased*** | | |
| Sound System | **Not purchased*** | | |
| **Total premium for 2009 Jeep Grnd Cheroke** | | | **$268.07** |

**\* This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**VIN** 1J8GS48K69C550510

**Rating information**
- Owns residence
- Unmarried female age 17, good driver rate

## Coverage detail for 2013 Honda Pilot

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $90.96 |
| • Bodily Injury | $300,000 each person $500,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | Actual cash value | $1,000 | $195.52 |
| Auto Comprehensive Insurance | Actual cash value | $1,000 | $99.61 |
| Collision for Custom Equipment | **Not purchased*** | | |
| Comprehensive for Custom Equipment | **Not purchased*** | | |
| Roadside Coverage | **Not purchased*** | | |
| Transportation Expense | **Not purchased*** | | |
| Uninsured Motorists Insurance | | | $35.95 |
| • Bodily Injury | $50,000 each person $100,000 each accident | Not applicable | |
| • Property Damage | $25,000 each accident | $250 | |
| Auto Replacement Protection | **Not purchased*** | | |
| Automobile Medical Payments | $100,000 each person | Not applicable | $19.20 |
| | | | **(continued)** |

AK010AMD 02/19



Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1 - Page 5 of 8

Policy number: 807 825 397
Policy effective date: July 5, 2020

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Portable Electronics and Media | Not purchased* | | |
| Sound System | Not purchased* | | |
| Total premium for 2013 Honda Pilot | | | $441.24 |

**\* This coverage can provide you with valuable protection.  To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**VIN** 5FNYF4H51DB033282

**Lienholder**
Mac Federal Credit Union

**Rating information**
• Owns residence
• Unmarried driver age 51, good driver rate

## Coverage detail for 2007 Nissan Xterra

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $171.46 |
| • Bodily Injury | $300,000 each person $500,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | Not purchased* | | |
| Auto Comprehensive Insurance | Not purchased* | | |
| Collision for Custom Equipment | Not purchased* | | |
| Comprehensive for Custom Equipment | Not purchased* | | |
| Roadside Coverage | Not purchased* | | |
| Transportation Expense | Not purchased* | | |
| Uninsured Motorists Insurance | | | $44.15 |
| • Bodily Injury | $50,000 each person $100,000 each accident | Not applicable | |
| • Property Damage | $25,000 each accident | $250 | |
| Auto Replacement Protection | Not purchased* | | |
| Automobile Medical Payments | $100,000 each person | Not applicable | $28.92 |
| Portable Electronics and Media | Not purchased* | | |

*(continued)*

027.010.051
2007O1AO00130
2007O1AO00130
1000000AO00130027AKO0020070010251580021800400600235500   AKO10AMD  02/79

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1 - Page 6 of 24
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 12 of 63

Amended auto policy declarations
Policy number: **807 825 397**
Policy effective date: July 5, 2020

Page **7** of 8



| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Sound System | **Not purchased*** | | |
| **Total premium for 2007 Nissan Xterra** | | | **$244.53** |

**\* This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**VIN** 5N1AN08W07C516247

**Rating information**
- Owns residence
- Unmarried female age 17, good driver rate

## Additional coverage

The following policy coverage is also provided.

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Death Indemnity Insurance | $10,000 benefit | Not applicable | Included |
| **Total** | | | **$0.00** |

## Your policy documents

Your automobile policy consists of this Policy Declarations and the documents in the following list. Please keep these together.

- Allstate Auto Policy – ACR65
- Alaska Amendatory Endorsement – ACR221
- Alaska Uninsured And Underinsured Motorists Insurance – Coverage SS – ACR223
- Alaska Bundling Benefits Endorsement – ACR224
- Alaska Automobile Death Indemnity Insurance – Coverage CM Endorsement – ACR268

AK010AMD 02/19



Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1, Page 7 of 8

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 13 of 24

Amended auto policy declarations
Policy number: **807 825 397**
Policy effective date: July 5, 2020

Page **8** of 8

# Important payment and coverage information

Here is some additional, helpful information related to your coverage and paying your bill:

▶ If you are at least 55 years old and retired, we offer a 55 and Retired Discount that you may be eligible to receive. For information about additional qualifications, please contact your agent.

▶ A $10.00 late fee may be assessed if payment is received after the due date.

▶ If you decide to pay your premium in installments, there will be a $4.00 installment fee charge for each payment due. If you make 6 installment payments during the policy period, and do not change your payment plan method, then the total amount of installment fees during the policy period will be $24.00.

If you are on the Allstate® Easy Pay Plan, there will be a $1.50 installment fee charge for each payment due. If you make 6 installment payments during the policy period, and remain on the Allstate® Easy Pay Plan, then the total amount of installment fees during the policy period will be $9.00.

If you change payment plan methods or make additional payments, your installment fee charge for each payment due and the total amount of installment fees during the policy period may change or even increase.

Please note that the Allstate® Easy Pay Plan allows you to have your insurance payments automatically deducted from your checking or savings account.

---

**Allstate Fire and Casualty Insurance Company's** Secretary and President have signed this policy with legal authority at Northbrook, Illinois.

*Julie Parsons*

Julie Parsons
President

*Susan L Lees*

Susan L. Lees
Secretary



# ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

# Auto
# Policy

## ALASKA

ACR65 (ed. 02/19)

Policy number
**807 825 397**

Policy effective
**July 5, 2020**

Policyholders
**Nathan L Williams**
**680 Wayne Williams Lane**
**Fairbanks AK 99712-2813**

Your Allstate agency is
**Chris Marok**
**59 College Rd #205**
**Fairbanks AK 99701**



**Allstate Fire and Casualty Insurance Company**
**The Company Named in the Policy Declarations**
A Stock Company, Home Office: 2775 Sanders Road, Northbrook, Illinois 60062



Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1, Page 9 of 63

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 9 of 24

# Table of Contents

**General Provisions** .................................................. 3
Insuring Agreement ...................................................... 3
When And Where The Policy Applies ........................... 3
Conformity To State Statutes ....................................... 3
Definitions Used Throughout The Policy ...................... 3
Leased Autos .............................................................. 4
Premium Changes ....................................................... 4
Coverage Changes ....................................................... 4
Duty To Report Changes .............................................. 4
Notice ........................................................................ 4
What To Do If There Is A Loss ...................................... 4
Assistance And Cooperation Of The Insured ................ 5
Subrogation ................................................................ 5
Combining Limits Of Two Or More Autos Prohibited .... 5
Transfer ..................................................................... 5
Payment .................................................................... 5
Communications ......................................................... 5
Conditional Reinstatement .......................................... 6
Fraud Or Misrepresentation ........................................ 6
Loss Reduction And Other Items .................................. 6

**Part 1**
**Automobile Liability Insurance**
**Bodily Injury Liability and Property Damage Liability**
**Coverages AA and BB** ............................................... 6
General Statement Of Coverage ................................... 6
Our Right To Appeal .................................................... 6
Additional Payments We Will Make .............................. 6
Additional Definitions For Part 1 ................................. 7
Exclusions—What Is Not Covered ................................ 7
Financial Responsibility .............................................. 8
Limit Of Liability ........................................................ 8
If There Is Other Insurance ......................................... 8
Bankruptcy Or Insolvency ........................................... 9
Additional Interested Parties ....................................... 9

**Part 2**
**Automobile Medical Payments**
**Coverage CC** ............................................................ 9
General Statement Of Coverage ................................... 9
Additional Definitions For Part 2 ................................. 9
Exclusions—What Is Not Covered ................................ 9
Limit Of Liability ....................................................... 10
Non-Duplication ........................................................ 11
What To Do If There Is A Loss: Additional Duties ........ 11
Unreasonable Or Unnecessary Medical Expenses ....... 11
If There Is Other Insurance ....................................... 11

**Part 3**
**Protection Against Loss To The Auto** ....................... 11
Auto Collision Insurance ........................................... 11
Auto Comprehensive Insurance ................................. 11
Contents Coverage .................................................... 12
Roadside Coverage .................................................... 12
Transportation Expense Coverage .............................. 12
Sound System Coverage ............................................ 12
Portable Electronics And Media Coverage ................... 13
Additional Payments We Will Make Under Part 3 ........ 13
Additional Definitions For Part 3 ............................... 13
Exclusions—What Is Not Covered .............................. 14
Our Payment Of Loss ................................................ 15
Right To Appraisal .................................................... 15
Limit Of Liability ...................................................... 16
If There Is Other Insurance ....................................... 16
No Benefit To Bailee ................................................. 16
Loss Payable Clause ................................................. 16

027 010 051
2006203A000124
1000000A000124027AK000200600323062900020800702900242800

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1-1, Page 10 of 24

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 16 of 63



A Stock Company – Home Office: Northbrook, Illinois

## General Provisions

The following provisions apply to all parts of the policy except where otherwise noted.

### Insuring Agreement

This policy is a legal contract between **you** and **us**. A coverage applies only when a premium for it is shown on the Policy Declarations or when the Policy Declarations lists the coverage as being "Included." On **your** Policy Declarations, coverages may be shown for each **auto**, or may be listed under "Additional Coverages."

If **you** pay the premiums when due and comply with the policy terms, **we**, relying on the information **you** have given **us**, make the following agreements with **you**.

**You** agree that it is **your** responsibility to review **your** Policy Declarations to:
1. confirm that the coverages and limits that **you** requested have actually been issued to **you**; and
2. ensure that each of the coverages and limits shown on the Policy Declarations are appropriate for **your** insurance needs.

**You** further agree to review those sections of this policy which relate to the coverages issued to **you**. Failure to review this policy, including **your** Policy Declarations, will not relieve **you** of this obligation. **You** should contact **us**, or the agent listed on **your** Policy Declarations, immediately if **you** have any questions about the coverages or limits, if **you** believe there is any mistake about the coverages or limits issued to **you**, or if **you** have any questions about this policy.

The terms of this policy impose joint obligations on persons defined in applicable sections of this policy as insured persons. This means that the responsibilities, acts and omissions of a person defined as an insured person will be binding upon other person(s) defined as insured person(s).

Depending on the number of vehicles **you** are insuring, **we** may find it necessary to issue **you** two or more different policy numbers for this one policy. Even if **we** issue two or more policy numbers, this shall still constitute one policy. **Your** Policy Declarations lists the policy numbers applicable.

### When And Where The Policy Applies

**Your** policy applies only during the policy period. During this time, it applies to covered losses to the **auto**, accidents, and occurrences within the United States, its territories or possessions, Canada, and between their ports. The policy period is shown on the Policy Declarations.

### Conformity To State Statutes

When the policy provisions are in conflict with the statutes of the state in which **your auto(s)** described on the Policy Declarations are principally garaged, the provisions are amended to conform to such statutes.

### Definitions Used Throughout The Policy

The following definitions apply throughout the policy unless otherwise indicated. Defined words are printed in boldface type.

1. **Additional Auto** means an **auto** of which **you** become the owner during the policy period and which is:
   a) not described on the Policy Declarations; and
   b) not acquired as a permanent replacement for an **auto** described on the Policy Declarations.

   This **auto** will be an **additional auto** for the 30 days immediately after **you** acquire ownership, but only if:
   a) any other **autos you** own are insured either by **us** or by one of **our** affiliates, other than any **auto(s) we** and **our** affiliates refused to insure;
   b) the **auto** is not listed as an insured vehicle under any other motor vehicle insurance policy; and
   c) **you** pay any additional premium for the coverage afforded by this policy during the 30 day period.

   After the 30 days, the **auto** is no longer an **additional auto**.

2. **Auto** means a private passenger land motor vehicle which has at least four wheels and is designed for use on public roads. However, **auto** does not include any vehicle of the pick-up body, sedan delivery, panel truck or stake body type which has a manufacturer specified Gross Vehicle Weight Rating (GVWR) in excess of 14,000 pounds.

3. **Bodily Injury** means physical harm to the body, sickness, disease, or death, but does not include:
   a) Any venereal disease;
   b) Herpes;
   c) Acquired Immune Deficiency Syndrome (AIDS);
   d) AIDS Related Complex (ARC);
   e) Human Immunodeficiency Virus (HIV);

   or any resulting symptom, effect, condition, disease or illness related to a) through e) listed above.

4. **Non-owned Auto** means an **auto** used by **you** or a **resident** relative with the owner's permission but which is not:
   a) owned by **you** or a **resident** relative; or
   b) available or furnished for the regular use of **you** or a **resident** relative.

   This definition of **non-owned auto** does not apply to **Automobile Liability Insurance–Bodily Injury and Property Damage**.

5. **Replacement Auto** means an **auto** of which **you** become the owner during the policy period and which is:
   a) not described on the Policy Declarations; and
   b) acquired as a permanent replacement for an **auto** described on the Policy Declarations.



Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1, Page 11

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 17 of 63

This **auto** will be a **replacement auto** for the 30 days immediately after **you** acquire ownership, but only if:

a)  any other **autos** **you** own are insured either by **us** or by one of **our** affiliates, other than any **auto(s)** **we** and **our** affiliates refused to insure;

b)  the **auto** is not listed as an insured vehicle under any other motor vehicle insurance policy; and

c)  **you** pay any additional premium for the coverage afforded by this policy during the 30 day period.

After the 30 days, the **auto** is no longer a **replacement auto**.

6.  **Resident** means a person who physically resides in **your** household with the intention to continue residence there. **Your** unmarried dependent children while temporarily away from home will be considered **residents** if they intend to resume residing in **your** household.

7.  **Shared-Expense Car Pool** means an arrangement between private parties to share rides:

a)  for which partial or full reimbursement of driving expenses is made or offered, and for which there is no other compensation; and

b)  which is not facilitated by a commercial enterprise which connects drivers to riders, including, but not limited to, a transportation network company.

8.  **Substitute Auto** means a **non-owned auto** being temporarily used by **you** or a **resident** relative with the permission of the owner while **your auto** insured under this policy is being serviced or repaired, or if it is stolen or destroyed.

9.  **Trailer** means any trailer, other than a **travel-trailer**, that is designed for use with an **auto**.

10. **Travel-trailer** means a trailer of the house, cabin or camping type equipped or used as a temporary living quarters.

The **travel-trailer** must be designed for use with an **auto**.

11. **We**, **Us**, or **Our** means the company shown on the Policy Declarations.

12. **You** or **Your** means the policyholder(s) listed as Named Insured(s) on the Policy Declarations and the resident spouse of any such Named Insured.

## Leased Autos

Unless otherwise indicated, an **auto** leased to a person under a written agreement with a term of at least six continuous months shall be considered, for purposes of this policy, to be owned by that person.

## Premium Changes

The total premium for this policy is based on information **we** have received from **you** or other sources. **You** agree to cooperate with **us** in determining if this information is correct, if it is complete, and if it changes during the policy period. **You** agree that if this information changes or is incorrect or incomplete, **we** may adjust **your** premium accordingly.

Changes which result in a premium adjustment are described in **our** rules. These changes include, but are not limited to:

1.  **autos** insured by the policy, including changes in use;

2.  drivers residing in **your** household, their ages or marital status;

3.  coverages or coverage limits;

4.  rating territory; and

5.  discount or surcharge applicability.

Any calculation or adjustment of **your** premium will be made using the rules, rates and forms in effect, and on file if required, for **our** use in **your** state.

## Coverage Changes

When **we** broaden a coverage during the policy period without additional charge, **you** have the new feature if **you** have the coverage to which it applies. The new feature applies on the date the coverage change is effective in **your** state. Otherwise, the policy can be changed only by endorsement. Any change in **your** coverage will be made using the rules, rates and forms in effect, and on file if required, for **our** use in **your** state.

## Duty To Report Changes

**Your** policy was issued in reliance on information **you** provided including, but not limited to, information regarding **autos**, persons in **your** household, and **your** place of residence. **You** must promptly notify **us**:

1.  when **you** change **your** address;

2.  when any person with a driver's license joins **your** household, or when any **resident** of **your** household acquires a driver's license; and

3.  when **you** acquire any **additional auto** or **replacement auto**.

## Notice

**Your** notice to **our** authorized agent shall be deemed to be notice to **us**.

## What To Do If There Is A Loss

If a person insured under this policy has an accident or loss involving a motor vehicle, **we** or **our** authorized agent must be informed promptly of all details. As soon as possible, any person making a claim must give **us** proof of loss, in writing or in another form specified by **us**, including all details **we** may need to determine the amounts payable. **We** may require that the proof of loss be a sworn proof of loss.

If an insured person is sued as a result of a motor vehicle accident, **we** must be informed immediately.

A person making a claim must:

1.  Provide **us** with the following information as soon as possible:

a)  date and time of the accident or loss;

b)  location of the accident or loss; and

027 010 051
2006G03A00.00124
1000000A000124027AK000/20060323062900020800802900242800

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1.3, Page 98

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 18 of 63   Page 12 of 24



c) all other details reasonably required by **us** including, but not limited to, information obtained from the vehicle's computer, vehicle safety features, or ride-sharing applications.

2. Notify the police as soon as possible if:
   a) the owner or operator of a vehicle involved in the accident or loss cannot be identified; or
   b) a theft or vandalism loss has occurred.

3. Cooperate with **us** in **our** effort to investigate the accident or loss and settle any claims.

4. Allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, separately and apart from others, and answer all reasonable questions **we** may ask as often as **we** may reasonably require.

5. Give **us** authorization to obtain medical reports and other records pertinent to the claim. The injured person may be required to take medical examinations by physicians **we** choose, as often as **we** reasonably require.

6. Promptly send **us** any and all legal papers relating to any claim or lawsuit.

7. Attend hearings and trials as often as **we** require.

8. In the case of loss to an **auto**, **trailer** or **travel-trailer** insured with **Auto Collision Insurance** or **Auto Comprehensive Insurance you** must:
   a) protect the **auto**, **trailer** or **travel-trailer** from further loss. **We** will pay reasonable expenses to guard against further loss. If **you** do not protect the **auto**, **trailer** or **travel-trailer**, further loss may not be covered.
   b) allow **us** to inspect the **auto**, **trailer** or **travel-trailer**, or have it inspected, for its repair or disposal. If **you** or **we** demand an appraisal of the loss under to the **Right To Appraisal** provision, **you** must allow **us** to have the **auto**, **trailer** or **travel-trailer** appraised.

## Assistance And Cooperation Of The Insured

A person insured under this policy must cooperate with **us** in the investigation, settlement and defense of any claim or lawsuit. If **we** ask, that person must also help **us** obtain payment from anyone who may be jointly responsible.

**We** are not obligated to provide reimbursement if a person insured under this policy voluntarily takes any action or makes any payments other than for covered expenses for bail bonds or first aid to others. If a person insured under this policy has a right to recover damages from anyone responsible for the loss, **we** may require that person to take proper action to preserve that right.

## Subrogation

When **we** pay under this policy, and a person insured under this policy has the right to recover from anyone else, that person's rights of recovery become

**ours** up to the amount **we** have paid. That person must protect these rights and, at **our** request, help **us** to enforce them.

## Combining Limits Of Two Or More Autos Prohibited

The coverage limits applicable to any one **auto** shown on the Policy Declarations will not be combined with or added to the coverage limits applicable to any other **auto** shown on the Policy Declarations or covered by the policy. This means that no stacking or aggregation of coverages will be allowed by this policy. This is true even though a separate premium is charged for each of those **autos**. This is true regardless of the number of:

1. vehicles or persons shown on the Policy Declarations;

2. vehicles involved in the accident or loss;

3. persons seeking damages as a result of the accident or loss; or

4. insured persons from whom damages are sought.

If two or more **autos** are shown on the Policy Declarations and one of these **autos** is involved in an accident or loss to which coverage applies, the coverage limits shown on the Policy Declarations for the involved **auto** will apply. If a covered accident or loss involves an **auto** other than one shown on the Policy Declarations, or if a person insured under this policy is struck as a pedestrian in a covered accident, the highest coverage limits shown on the Policy Declarations for the applicable coverage for any one **auto** will apply.

## Transfer

**You** may not transfer this policy to another person without **our** written consent. However, if **you** die, this policy will provide coverage until the end of the policy period, but only for **your** legal representative while acting as such and for persons covered on the date of **your** death.

## Payment

If **your** initial premium payment for **your** first policy period is by check, draft, or any remittance other than cash, such payment is conditional upon the check, draft, or remittance being honored upon presentation. If such check, draft, or remittance is not honored upon presentation, this policy shall be deemed void from its inception. This means that **we** will not be liable under this policy for any claims or damages which would otherwise be covered had the check, draft, or remittance been honored upon presentation.

## Communications

If **you** have indicated **your** willingness to conduct business electronically with **us**, including receiving and signing the electronic forms relating to **your** insurance and other transactions (current and future), the communications **we** may provide to **you** in electronic form include, but are not limited to, policy forms, renewal and non-renewal notices, informational or other notices, disclosures, premium information and cancellation notices.

Even when **you** and **we** have agreed that the primary method of communicating with **you** will be in electronic form, **we** may, in **our** discretion, send communications to **you** via U.S. Mail or other carrier instead of, or in



Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1, Page 13
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 19 of 63    13 of 24

addition to, providing them to **you** electronically. Electronic communications provided to **you** will have the same force and effect as if sent to **you** via U.S. Mail or other carrier with proof of mailing. Proof of electronic notification will be sufficient proof of notice for all electronic communications pertaining to this policy.

### Conditional Reinstatement

If **we** send a cancellation notice because:

1. the required premium was not paid in a timely manner, and **you** then tender payment by check, draft, or other remittance which is not honored upon presentation; or

2. the required premium was not paid in a timely manner due to an issue with **your** electronic payment information and/or account balance, and **you** then update this information, and the transaction is not honored upon presentation;

**your** policy will terminate on the date and time shown on the cancellation notice and any notice **we** issue which waives the cancellation or reinstates coverage is void. This means that **we** will not be liable under this policy for claims or damages after the date and time indicated on the cancellation notice.

### Fraud Or Misrepresentation

This entire policy is void from its inception if it was obtained or renewed through material misrepresentation, fraud or concealment of material fact. This means that **we** will not be liable for any claims or damages that would otherwise be covered.

**We** may not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

### Loss Reduction And Other Items

From time to time and at **our** sole discretion:

1. **we** may provide **you**, or allow others to provide **you**, with:
   a) items, memberships, special offers, merchandise, points, rewards, airline miles, services, classes, seminars, or other things of value designed to help **you** or other persons insured under this policy manage the risks **you** or they face, including, but not limited to, loss reduction or safety-related items; or
   b) items, memberships, special offers, merchandise, points, rewards, airline miles, services, classes, seminars, or things of any other type that **we** think may be of value to **you** or someone else insured under this policy.

2. **we** may make, or allow others to make, one or more of the following: charitable contributions, donations, or gifts.

These items, memberships, special offers, merchandise, points, rewards, airline miles, services, classes, seminars, charitable contributions, donations,

gifts, or other things of value may be provided in any form, including, but not limited to, redemption codes, coupons, vouchers, and gift cards.

## Part 1
## Automobile Liability Insurance
## Bodily Injury Liability—Coverage AA
## Property Damage Liability—Coverage BB

### General Statement Of Coverage

If a premium is shown on the Policy Declarations for **Automobile Liability Insurance - Bodily Injury and Property Damage**, **we** will pay damages which an **insured person** is legally obligated to pay because of:

1. **bodily injury** sustained by any person, and
2. damage to, or destruction of, property.

Under these coverages, **your** policy protects an **insured person** from liability for damages arising out of the ownership, maintenance, or use, loading or unloading, of an **insured auto**.

**We** will not pay any punitive or exemplary damages, fines or penalties under Bodily Injury Liability coverage or Property Damage Liability coverage. **We** will not pay any attorney's fees or litigation expenses awarded as a result of a punitive or exemplary damage award against the insured, or as a result of fines or penalties imposed on the insured.

**We** will defend an **insured person** sued as a result of a covered accident involving an **insured auto**. **We** will choose the counsel. **We** may settle any claim or suit if **we** believe it is proper. **We** will not defend an **insured person** sued for damages which are not covered by this policy.

### Our Right To Appeal

If an **insured person** or any other insurer elects not to appeal a judgment, **we** may do so. **We** will pay reasonable costs and interest incidental to the appeal. **We** will not be liable for more than the limit shown on **your** Policy Declarations plus the reasonable costs and interest incidental to the appeal.

### Additional Payments We Will Make

When **we** defend an **insured person** under this Part 1, **we** will pay:

1. up to $100 a day for the loss of wages or salary if **we** ask that person to attend hearings or trials to defend against a **bodily injury** suit. **We** won't pay for loss of other income. **We** will pay other reasonable expenses incurred at **our** request.

2. court costs for defense.

3. interest accruing on a judgment entered against **you**, but only on that part of a judgment entered against **you**, which does not exceed **our** limits of liability, until such time as **we** have paid, formally offered, or conditionally or unconditionally deposited in court, the amount for which

027 010 051
200603A000124
1000000A00012-4027AK000200603230629000208009029002242800

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Exhibit 1, Page 14 of 24

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 20 of 63



we are liable under this policy. Interest will be paid only on that part of a judgment entered against **you** which does not exceed **our** limits of liability. This means that under no circumstances will **we** pay interest on that part of a judgment entered against **you** which exceeds **our** stated limits of liability.

4.  premiums on appeal bonds and on bonds to release attachments, but not in excess of **our** limit of liability. **We** have no obligation, however, to apply for or furnish these bonds.

**We** will reimburse an **insured person** for:

1.  the cost of any bail bonds required because of an accident or traffic law violation involving the use of the **insured auto**. Payment won't exceed $300 per bond. **We** have no obligation to apply for or furnish a bond.

2.  reasonable expenses incurred by an **insured person** for first aid to other persons at the time of a motor vehicle accident involving the **insured auto**.

### Additional Definitions For Part 1

1.  **Insured Auto** means an **auto you** own which is described on the Policy Declarations and for which a premium is shown for **Automobile Liability Insurance – Bodily Injury and Property Damage**. This also includes:

    a)  its **replacement auto**;
    b)  an **additional auto**;
    c)  a **substitute auto**;
    d)  a **non-owned auto**; or
    e)  a **trailer** or **travel-trailer**.

2.  **Insured Person** means:

    a)  While using **your insured auto**:
        1)  **you**;
        2)  any **resident**; and
        3)  any other person using it with **your** permission.

    b)  While using a **non-owned auto**:
        1)  **you**; and
        2)  any **resident** relative.

3.  **Non-owned Auto** means an **auto** used by **you** or a **resident** relative with the owner's permission but which is not:

    a)  owned by **you** or a **resident** relative; or
    b)  available or furnished for the regular use of **you** or a **resident** relative.

    However, an **auto** owned by, or available or furnished for the regular use of, a **resident** relative shall be considered a **non-owned auto** with respect to:

    a)  **you**, provided it is not owned by **you** or available or furnished for **your** regular use; and

b)  any **resident** relative who does not own the **auto** and for which the **auto** is not available or furnished for that person's regular use, provided the **auto** is not owned by **you** or available or furnished for **your** regular use.

### Exclusions—What Is Not Covered

**We** will not pay for any damages an **insured person** is legally obligated to pay because of:

1.  **bodily injury** or property damage resulting from the ownership, maintenance or use, loading or unloading of the **insured auto** by any person as an employee of the United States government, while acting within the scope of such employment. This exclusion applies only if the provisions of the Federal Tort Claims Act, as amended, require the Attorney General of the United States to defend that person in any civil action or proceeding which may be brought for the **bodily injury** or property damage.

2.  **bodily injury** or property damage arising out of the use of:
    a)  an **insured auto** while used to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or
    b)  any **auto** an **insured person** is driving while available for hire by the public.

    This exclusion does not apply to **shared-expense car pools**.

3.  **bodily injury** or property damage arising out of the use of **your insured auto** while it is rented to, leased to, or loaned for a charge to, any person or organization by or with the permission of an **insured person**.

4.  **bodily injury** or property damage arising out of motor vehicle business operations such as repairing, servicing, testing, washing, parking, storing, leasing, or selling of motor vehicles. However, this exclusion does not apply to **you**, **resident** relatives, partners or employees of the partnership of which **you** or a **resident** relative are a partner, when using **your insured auto**.

5.  **bodily injury** or property damage arising out of the use of a **non-owned auto** in any business or occupation of an **insured person**. However, this exclusion does not apply while **you**, **your** chauffeur, or domestic servant is using an **auto**, **travel-trailer** or **trailer**.

6.  **bodily injury** or property damage arising out of the ownership, maintenance or use of a motor vehicle with less than four wheels.

7.  **bodily injury** to an employee of any **insured person** arising out of or in the course of employment. This exclusion does not apply to **your** domestic employee who is not required to be covered by a workers' compensation law or similar law.

8.  **bodily injury** to a co-worker injured in the course of employment. This exclusion does not apply to **you**.



Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 21 of 63   Page 15 of 24

9.  damage to or destruction of property an **insured person** owns, transports, is in charge of, or rents from others. This exclusion does not apply to a private residence or a garage rented by an **insured person**.

10. **bodily injury** or property damage intended by, or reasonably expected to result from, the intentional or criminal acts or omissions of an **insured person**. This exclusion applies even if:
    a)  such **insured person** lacks the mental capacity to control or govern his or her conduct;
    b)  such **insured person** is temporarily insane or temporarily lacks the mental capacity to control or govern his or her conduct or is temporarily unable to form any intent to cause **bodily injury** or property damage;
    c)  such **bodily injury** or property damage is of a different kind or degree than intended or reasonably expected; or
    d)  such **bodily injury** or property damage is sustained by a different person than intended or reasonably expected.

    This exclusion applies regardless of whether an **insured person** is actually charged with, or convicted of, a crime.

    This exclusion precludes coverage for all **insured persons** under the policy regardless of whether the person seeking coverage participated in any way in the intentional or criminal acts or omissions.

11. **bodily injury** or property damage which would also be covered under nuclear energy liability insurance. This applies even if the limits of that insurance are exhausted.

12. **bodily injury** or property damage arising out of the participation in any prearranged, organized, or spontaneous:
    a)  racing contest;
    b)  speed contest; or
    c)  use of an **auto** at a track or course designed or used for racing or high performance driving;
    or in practice or preparation for any contest or use of this type.

13. **bodily injury** or property damage arising out of the use of a **trailer** or **travel-trailer** that is not attached to an **auto** which is an **insured auto**. However, this exclusion does not apply if the **trailer** or **travel-trailer** suddenly and accidentally becomes detached from such **auto** immediately before the accident.

14. any liability an **insured person** assumes arising out of any contract or agreement.

15. **bodily injury** or property damage arising out of the discharge of a weapon.

16. **bodily injury** or property damage arising out of the use of a **trailer** or **travel-trailer** while it is parked for use as a residence, or as an office, display space, or storage space.

## Financial Responsibility

When this policy is certified as proof under a motor vehicle financial responsibility law, the insurance under this part of the policy will comply with the provisions of that law.

## Limit Of Liability

The limits shown on the Policy Declarations for **Automobile Liability Insurance – Bodily Injury and Property Damage** are the maximum **we** will pay for any single accident involving an **insured auto**. The limit stated for each person for **bodily injury** is **our** total limit of liability for all damages because of **bodily injury** sustained by one person, including all damages sustained by anyone else as a result of that **bodily injury**. Subject to the limit for each person, the limit stated for each accident is our total limit of liability for all damages for **bodily injury**. For property damage, the limit stated for each accident is **our** total limit of liability for property damage sustained in any single accident involving an **insured auto**.

The limits shown on the Policy Declarations for **Automobile Liability Insurance – Bodily Injury and Property Damage** may not be added to the limits for similar coverage applying to other motor vehicles to determine the limit of insurance coverage available. This applies regardless of the number of:
1.  policies involved;
2.  vehicles involved;
3.  persons covered;
4.  claims made;
5.  vehicles or premiums shown on the Policy Declarations; or
6.  premiums paid.

THIS MEANS THAT NO STACKING OR AGGREGATION OF **AUTOMOBILE LIABILITY INSURANCE-BODILY INJURY AND PROPERTY DAMAGE** WHATSOEVER WILL BE ALLOWED BY THIS POLICY.

If none of the **autos** shown on the Policy Declarations is involved in the accident, the highest limit shown on the Policy Declarations for any one **auto** will apply.

An **auto** and attached **trailer** or **travel-trailer** are considered one vehicle. Also, an **auto** and a mounted camper unit, topper, cap, or canopy are considered one vehicle.

## If There Is Other Insurance

If more than one policy applies on a primary basis to an accident involving **your insured auto**, **we** will bear **our** proportionate share with other collectible liability insurance.

If an **insured person** is using a **substitute auto** or **non-owned auto**, **our** liability insurance will be excess over other collectible insurance.

Other collectible insurance and other collectible liability insurance includes any form of self-insurance.

027 010 051
200603A000124
1000000A000124027AK000200600323062900020801002900242800

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 2 - Page 8

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 22 of 63   16 of 24



## Bankruptcy Or Insolvency
The bankruptcy or insolvency of an **insured person** or that person's estate will not relieve **us** of any obligation under this Part 1 of the policy.

## Additional Interested Parties
If one or more additional interested parties are listed on the Policy Declarations, the Automobile Liability Insurance coverages of this policy will apply to those parties as insureds.

**We** will mail or deliver at least 10 days' notice to an additional interested party if **we** cancel or make any changes to this policy which adversely affect that party's interest. **Our** notice will be considered properly given if mailed to the last known address of the additional interested party or if delivered electronically to such party.

The naming of an additional interested party does not increase that party's right to recovery under this policy, nor does it impose an obligation for the payment of premiums under this policy.

# Part 2
# Automobile Medical Payments
# Coverage CC

## General Statement Of Coverage
If a premium is shown on the Policy Declarations for **Automobile Medical Payments**, **we** will pay to or on behalf of an **insured person** reasonable expenses actually incurred by the **insured person** for necessary medical treatment, medical services or medical products actually provided to the **insured person** by a state licensed health care provider. Ambulance, hospital, medical, surgical, X-ray, dental, orthopedic and prosthetic devices, professional nursing services, pharmaceuticals, eyeglasses, and hearing aids are covered. In addition, funeral expenses are covered if a **motor vehicle** accident results in death of an **insured person** and:
1. the Policy Declarations indicates **your** policy includes **Automobile Death Indemnity Insurance**, but no benefit is payable for death of that person under **Automobile Death Indemnity Insurance**; or
2. the Policy Declarations does not indicate **your** policy includes **Automobile Death Indemnity Insurance**.

**We** will not pay for experimental procedures or treatments for research projects or research purposes.

Payment will be made only when **bodily injury** is caused by a **motor vehicle** accident.

Medical treatment, medical services or provision of medical products must begin within 90 days of the date of the accident. The treatment, services, or products must be rendered within three years after the date of the accident.

This coverage does not apply to any person to the extent that the treatment is covered under any workers' compensation law.

## Additional Definitions For Part 2
1. **Insured Auto** means an **auto you** own which is described on the Policy Declarations and for which a premium is shown for **Automobile Medical Payments**. This also includes:
   a) its **replacement auto**;
   b) an **additional auto**;
   c) a **substitute auto**;
   d) a **non-owned auto**; or
   e) a **trailer** or **travel-trailer**.

2. **Insured Person(s)** means:
   a) **You** and any **resident** relative who sustains **bodily injury** while in, on, getting into or out of, or getting on or off of, an **auto**, **trailer**, or **travel-trailer**, or when struck as a pedestrian by a **motor vehicle**, **trailer**, or **travel-trailer**. The use of a **non-owned auto** must be with the owner's permission.

   b) Any other person who sustains **bodily injury** while in, on, getting into or out of, or getting on or off of:
      (1) **your insured auto** while being used as a vehicle by **you**, a **resident** relative, or any other person with **your** permission.
      (2) a **non-owned auto**, **trailer** or **travel-trailer** if the injury results from the operation or occupancy by:
         (a) **you**;
         (b) **your** private chauffeur or domestic servant on **your** behalf; or
         (c) a **resident** relative.

3. **Motor Vehicle** means a land motor vehicle designed for use on public roads.

## Exclusions—What Is Not Covered
This coverage does not apply to **bodily injury**:
1. intended by, or reasonably expected to result from, the intentional or criminal acts or omissions of an **insured person**. This exclusion applies even if:
   a) such **insured person** lacks the mental capacity to control or govern his or her own conduct;
   b) such **insured person** is temporarily insane or temporarily lacks the mental capacity to control or govern his or her conduct or is temporarily unable to form any intent to cause **bodily injury**;
   c) such **bodily injury** is of a different kind or degree than intended or reasonably expected; or
   d) such **bodily injury** is sustained by a different person than intended or reasonably expected.

   This exclusion applies regardless of whether an **insured person** is actually charged with, or convicted of, a crime.



Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 23 of 63   Ex. 1, Page 17 of 24

This exclusion precludes coverage for all **insured persons** under the policy regardless of whether the person seeking coverage participated in any way in the intentional or criminal acts or omissions.

2. to **you** or a **resident** relative while in, on, getting into or out of, or getting on or off of, an auto owned by **you** or a **resident** relative, or an **auto** available or furnished for the regular use of **you** or a **resident** relative, which is not insured for this coverage.

3. to **you** or a **resident** relative while in, on, getting into or out of, getting on or off of, or struck as a pedestrian by:
   a) a vehicle operated on rails or crawler-treads; or
   b) a vehicle or other equipment designed for use off public roads, while not on public roads.

4. to any person arising out of the use of:
   a) an **insured auto** while used by an **insured person** to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or
   b. any **auto** an **insured person** is driving while available for hire by the public.

   This exclusion does not apply to **shared-expense car pools**.

5. to any person arising out of the use of **your insured auto** while it is rented to, leased to, or loaned for a charge to, any person or organization by or with the permission of an **insured person.**

6. to any person arising out of the ownership, maintenance, or use of a **motor vehicle** with less than four wheels.

7. to any person, other than **you** or a **resident** relative, while using a **non-owned auto:**
   a) in **motor vehicle** business operations such as repairing, servicing, testing, washing, parking, storing, leasing, or selling of **motor vehicles;** or
   b) in any other business or occupation. This item b) does not apply to **you** or **your** private chauffeur or domestic servant while using an **insured auto.**

8. resulting from:
   a) war, whether declared or undeclared;
   b) warlike acts;
   c) invasion;
   d) insurrection;
   e) rebellion;
   f) revolution;
   g) civil war;
   h) usurped power;
   i) destruction for a military purpose; or

j) action taken by civil, governmental or military authority to hinder or defend against an actual or impending enemy act.

9. to any person arising out of the participation in any prearranged, organized, or spontaneous:
   a) racing contest;
   b) speed contest; or
   c) use of an **auto** at a track or course designed or used for racing or high performance driving;
   or in practice or preparation for any contest or use of this type.

10. to any person or dependent of a person to the extent that such person or dependent has received benefits provided by the U.S. government under a contract of employment including past or present military duty.

    **We** will reimburse the U.S. government, as required in Chapter 55 of Title 10 of the U.S. Code, for expenses covered under this part of the policy when it incurs such expenses on behalf of an **insured person** through a facility of the uniformed services.

11. to any person arising solely out of the discharge of a weapon.

12. to any person while in, on, getting into or out of, or getting on or off of, a **trailer** or **travel-trailer** while it is parked for use as a residence, or as an office, display space, or storage space.

13. to any person while in, on, getting into or out of, or getting on or off of, a **trailer** or **travel-trailer** that is not attached to an **auto** which is an **insured auto**. However, this exclusion does not apply if the **trailer** or **travel-trailer** suddenly and accidentally becomes detached from such **auto** immediately before the accident.

### Limit Of Liability

The limit shown on the Policy Declarations for **Automobile Medical Payments** is the maximum **we** will pay for all expenses incurred by or for each person as the result of any one **motor vehicle** accident.

The limit shown on the Policy Declarations for **Automobile Medical Payments** may not be added to the limit(s) for similar coverage applying to other **motor vehicles** to determine the limit of insurance coverage available. This applies regardless of the number of:

1. policies involved;
2. vehicles involved;
3. persons covered;
4. claims made;
5. vehicles or premiums shown on the Policy Declarations; or
6. premiums paid.

THIS MEANS THAT NO STACKING OR AGGREGATION OF **AUTOMOBILE MEDICAL PAYMENTS** WHATSOEVER WILL BE ALLOWED BY THIS POLICY.

027 010 051
200603A00A00124
1000000A00A00012402740A000200660323062900020080110290024280 0

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 24, Page 18 of 24

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 24 of 63



If none of the **autos** shown on the Policy Declarations is involved in the accident, the highest **Automobile Medical Payments** limit shown on the Policy Declarations for any one **auto** will apply.

If an **insured person** dies as the result of a covered **motor vehicle** accident and funeral expenses for that **insured person** are covered under **Automobile Medical Payments**, **we** will pay the least of the following as a funeral expenses benefit:

1. $2,000;

2. the **Automobile Medical Payments** limit stated on the Policy Declarations; or

3. the remaining portion of the **Automobile Medical Payments** limit not expended for other covered medical expenses.

This funeral expenses benefit does not increase, and will not be paid in addition to, the limit shown on the Policy Declarations for **Automobile Medical Payments**. This benefit is payable to the deceased **insured person's** spouse if a **resident** of the same household at the time of the accident. However, if the deceased is a minor, the benefit is payable to either parent who is a **resident** of the same household at the time of the accident. In all other cases, the benefit is payable to the deceased **insured person's** estate.

### Non-Duplication

There will be no duplication of payments made under the **Automobile Medical Payments** coverage of this policy and any other coverage of this policy. All payments made to or on behalf of any person under this coverage will be considered as advance payments to that person. Any amount payable for **bodily injury** to an **insured person** under any other coverages of this policy will be reduced by that amount.

### What To Do If There Is A Loss: Additional Duties

The injured person may be required to take medical examinations by physicians **we** choose, as often as **we** reasonably require. If the injured person does not attend a required and scheduled medical examination and **we** are charged for that examination, coverage under this part of the policy will be reduced by the incurred cost of the examination.

The **insured person** must provide any information **we** request to support compliance with Medicare or other governmental reporting requirements or other medical coverage reporting requirements.

### Unreasonable Or Unnecessary Medical Expenses

If the **insured person** incurs medical expenses which **we** deem to be unreasonable or unnecessary, **we** may refuse to pay for those medical expenses and contest them.

If the **insured person** is sued by a medical services provider because **we** refuse to pay medical expenses which **we** deem to be unreasonable or unnecessary, **we** will pay resulting defense costs, and pay any resulting judgment against the **insured person**, up to the limit shown on the Policy

Declarations for **Automobile Medical Payments**. **We** will choose the counsel. The **insured person** must cooperate with **us** in the defense of any claim or lawsuit. If **we** ask the **insured person** to attend hearings or trials, **we** will pay up to $100 per day for loss of wages or salary. **We** will also pay other reasonable expenses incurred at **our** request.

No **insured person** may sue **us** for medical expenses **we** deem unreasonable or unnecessary unless:

1. the **insured person** has paid the entire disputed amount to the medical services provider; or

2. the medical services provider has expressly threatened or initiated collection activity toward the **insured person**.

### If There Is Other Insurance

When this coverage applies to a **substitute auto** or **non-owned auto**, **we** will pay only after all other collectible **auto** medical insurance has been exhausted. When this coverage applies to a **replacement auto** or **additional auto**, this policy will not apply if **you** have other collectible **auto** medical insurance.

# Part 3
# Protection Against Loss To The Auto

Other information applicable to all these coverages appears after all the coverage descriptions.

### Auto Collision Insurance
### Coverage DD

If a premium for **Auto Collision Insurance** is shown for an **auto**, **trailer** or **travel-trailer** described on the Policy Declarations, **we** will pay for sudden and accidental direct physical loss to:

1. that **auto**, or its **replacement auto**;
2. that **trailer** or **travel-trailer**;
3. an **additional auto**;
4. a **non-owned auto**; or
5. a **trailer** or **travel-trailer** that is not described on the Policy Declarations while it is attached to an **insured auto**;

from a collision with another object or by upset of such auto, trailer or travel-trailer.

### Auto Comprehensive Insurance
### Coverage HH

If a premium for **Auto Comprehensive Insurance** is shown for an **auto**, **trailer** or **travel-trailer** described on the Policy Declarations, **we** will pay for sudden and accidental direct physical loss not caused by collision, to:

1. that **auto**, or its **replacement auto**;
2. that **trailer** or **travel-trailer**;
3. an **additional auto**;
4. a **non-owned auto**; or
5. a **trailer** or **travel-trailer** that is not described on the Policy Declarations while it is attached to an insured **auto**.



Loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, and riot or civil commotion is covered. Glass breakage, whether or not caused by collision, and collision with a bird or animal is covered. Plastic or other materials used by the manufacturer as substitutes for glass will also be considered glass. If by agreement between **you** and **us**, glass is repaired rather than replaced, the deductible amount will not be subtracted from a glass breakage loss.

## Contents Coverage
### Coverage HC

If a limit for **Contents Coverage** is shown for a **travel-trailer** described on the Policy Declarations, **we** will pay for sudden and accidental direct physical loss caused by Fire or Lightning to the following property, provided the property is contained in, attached to, or being used in connection with the **travel-trailer** for which **Contents Coverage** is purchased:

1.  Radio and television antennas, awnings, cabanas or equipment designed to create additional living facilities while the **travel-trailer** is off public roads.
2.  Household furniture or other personal property belonging to **you** or a **resident** relative.

This coverage does not apply to:

1.  Property permanently attached to the **travel-trailer**.
2.  Articles carried or held as samples or for sale, storage or repair, or for delivery.
3.  Merchandise kept for exhibition or sale; or theatrical wardrobes.
4.  Business or office furniture or appliances.
5.  Records or accounts, currency, coins, banknotes, bullion, deeds, contracts or evidences of debt, securities, tokens or tickets, revenue or other stamps in current use, manuscripts, art objects and animals.

The limit of **our** liability for this coverage is shown on the Policy Declarations, and applies regardless of the number of items involved in the loss.

## Roadside Coverage
### Coverage JJ

If a premium for **Roadside Coverage** is shown for an **auto** described on the Policy Declarations, **we** will pay costs for labor performed at the initial place of disablement and for towing made necessary by the disablement of that **auto** (or its **replacement auto**) or a **non-owned auto**. **We** will not pay for supplies or parts required by the disablement.

The total limit of **our** liability for towing and labor arising out of a single disablement is stated on the Policy Declarations.

**We** will not pay for:

1.  labor not related to the disablement, including installation of products or material not related to the disablement; or
2.  labor or repair work performed at a service station, garage, or repair shop.

## Transportation Expense Coverage
### Coverage UU

If a premium for **Transportation Expense Coverage** is shown for an **auto** described on the Policy Declarations, and **you** have a covered loss under **Auto Collision Insurance** or **Auto Comprehensive Insurance** that involves that **auto** (or its **replacement auto**), **we** will:

1.  reimburse **you** for **your** cost of renting an **auto** from a rental agency or garage; and
2.  pay for reasonable alternate transportation expenses **you** have either incurred, or **you** and **we** agree **you** will incur;

while **your insured auto** is disabled or being repaired. **You** agree to retain receipts for any expenses **you** incur and promptly provide them to **us** at **our** request.

If **your insured auto** is disabled by a collision or comprehensive loss, coverage starts the day of the loss. If **your** entire **insured auto** is stolen, coverage begins the day **you** report the theft to **us**. If **your insured auto** is drivable, coverage starts the day the **auto** is left at the repair facility for repairs, provided the necessary parts are available and the repair facility is ready to start the repairs at the time the **auto** is left at the facility.

Coverage ends when whichever of the following occurs first:

1.  completion of the repairs to **your insured auto**;
2.  if **your insured auto** is stolen, seven calendar days after **we** disclose **our** evaluation of the **insured auto's** actual cash value. However, if **your** stolen **auto** is recovered, coverage will end as soon as **your auto** is returned to use; or
3.  if **your insured auto** is deemed by **us** to be a total loss, seven calendar days after **we** disclose **our** evaluation of the **insured auto's** actual cash value.

The limit of **our** liability for **Transportation Expense Coverage** is shown on the Policy Declarations. In no event will the amount **we** pay for expenses incurred (or to be incurred) on a given day exceed the per day amount shown on the Policy Declarations, and in no event will **we** pay for expenses incurred (or to be incurred) for more days than the number of days shown on the Policy Declarations. **We** will not pay charges incurred in connection with a rented **auto** other than the daily rental rate.

**Transportation Expense Coverage** does not apply to a collision or comprehensive loss disabling a **trailer** or a **travel-trailer** but not an **insured auto**.

## Sound System Coverage
### Coverage ZA

If a premium for **Sound System Coverage** is shown for an **auto** described on the Policy Declarations, **we** will pay for sudden and accidental direct physical loss to a **sound system** installed in or on that **auto** (or its **replacement auto**).

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 2 – Page 20 of 24



**Sound System Coverage** applies only if:
1. the **sound system** is damaged by collision of the **auto** with another object or by upset of the **auto**, and **your** policy includes **Auto Collision Insurance** that applies to that **auto**;
2. the entire **auto** is stolen, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**; or
3. physical damage is done to both the **sound system** and the **auto** caused by earthquake, explosion, falling objects, fire, lightning, flood, vandalism or malicious mischief, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**.

The limit of **our** liability for this coverage is shown on the Policy Declarations.

## Portable Electronics And Media Coverage
## Coverage ZZ

If a premium for **Portable Electronics And Media Coverage** is shown for an **auto** described on the Policy Declarations, **we** will pay for sudden and accidental direct physical loss to personal electronic devices or recording media that is:
1. in or on that **auto** (or its **replacement auto**) at the time of the loss; and
2. owned by **you** or a **resident** relative.

**Portable Electronics And Media Coverage** applies only if:
1. the property described in this coverage is damaged by collision of the **auto** with another object or by upset of the **auto**, and **your** policy includes **Auto Collision Insurance** that applies to that **auto**;
2. the entire **auto** is stolen, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**; or
3. physical damage is done to both the **auto** and to the property described in this coverage caused by earthquake, explosion, falling objects, fire, lightning, flood, vandalism or malicious mischief, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**.

For purposes of this coverage only, personal electronic devices are personal devices not installed in or on **your insured auto** by bolts, brackets, or other similar means, which are designed for:
1. voice, video or data transmission; or for voice, video or data reception;
2. recording or playing back recorded material; or
3. supplying power to cellular or similar telephone equipment.

Recording media includes, but is not limited to, portable hard drives, solid-state drives, flash drives, compact discs, tapes, and similar items.

This coverage will not apply to any personal property specifically described, and insured or otherwise protected for the loss, by any other insurance or by a service contract. This coverage will not apply to property that would be covered under **Sound System Coverage** if purchased.

The limit of **our** liability for this coverage is shown on the Policy Declarations, and applies regardless of the number of items involved in the loss.

## Additional Payments We Will Make Under Part 3
1. **We** will pay up to $200 for loss of clothing and personal luggage, including its contents, belonging to **you** or a **resident** relative while it is in or upon **your insured auto**. This is the maximum **we** will pay, regardless of the number of vehicles insured or items damaged or lost. This item 1 does not apply if the **insured auto** is a **travel-trailer**.

   This coverage applies only when:
   a) the loss is caused by collision of the **auto** with another object or by upset of the **auto**, and **your** policy includes **Auto Collision Insurance** that applies to that **auto**; or
   b) the entire **auto** is stolen, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**; or
   c) physical damage is done to both the **auto** and to the clothing and luggage caused by earthquake, explosion, falling objects, fire, lightning or flood, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**.

2. **We** will pay general average and salvage charges imposed when **your insured auto**, **trailer** or **travel-trailer** is being transported if **your** policy includes **Auto Collision Insurance** or **Auto Comprehensive Insurance** that applies to the loss to that **auto**, **trailer** or **travel-trailer**.

3. **We** will pay up to $500 to re-key **your insured auto** and to have any reprogramming associated with the new keys performed, if the entire **auto** is stolen and later recovered and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**.

4. **We** will pay to replace a child passenger restraint system if it is:
   a) in use at the time of a covered **Auto Collision Insurance** loss involving **your insured auto**;
   b) damaged in a loss caused by collision of **your insured auto** with another object or by upset of **your insured auto** and **your** policy includes **Auto Collision Insurance** that applies to that **auto**;
   c) in **your insured auto** when the entire **auto** is stolen, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**. This applies even if the child restraint system is subsequently returned; or
   d) damaged in a loss involving **your insured auto** not caused by collision, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**.

## Additional Definitions For Part 3
1. **Camper Unit** means a demountable unit designed to be used as temporary living quarters, including all equipment and accessories built into and forming a permanent part of that unit. A camper unit does not include:
   a) caps, tops, or canopies designed for use as protection of the cargo area of an **auto** of the pick-up body type; or
   b) radio or television antennas, awnings, cabanas, or equipment designed to create additional off-highway living facilities.



Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1 - Page 13

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 27 of 24

2. **Custom Parts or Equipment** means equipment, devices, accessories, enhancements, and changes, permanently installed in or on an **insured auto**, other than those offered by the manufacturer of the **auto** specifically for that model or installed by the **auto** dealership when new as part of the original sale, which alter the appearance or performance of an **auto**. This does not include items designed for assisting disabled persons or items covered under **Sound System Coverage**.

3. **Insured Auto** means an **auto you** own which is described on the Policy Declarations. This also includes:
   a) its **replacement auto**;
   b) an **additional auto**;
   c) a **substitute auto**; or
   d) a **non-owned auto**; or
   e) a **trailer** or **travel-trailer** that is not described on the Policy Declarations, while it is attached to an **auto you** own which is described on the Policy Declarations or to an **auto** described in a) through d) above.

4. **Insured Person** means:
   a) While using **your insured auto**:
      (1) **you**;
      (2) any **resident**; and
      (3) any other person using it with **your** permission.
   b) While using a **non-owned auto**:
      (1) **you**; and
      (2) any **resident** relative.

5. **Sound System** means any device permanently installed inside **your insured auto** by bolts, brackets, or other similar means, designed for:
   a) voice, video or data transmission, or for voice, video or data reception;
   b) recording or playing back recorded material; or
   c) supplying power to cellular or similar telephone equipment; and which is installed in a location other than the one designed by the **auto's** manufacturer for that type of device.

   A **sound system** also includes antennas or other apparatus in or on **your insured auto** used specifically with a device described in the previous paragraph, if permanently installed. A **sound system** does not include any equipment that is externally exposed except for antennas.

## Exclusions—What Is Not Covered

**We** will not cover:

1. loss intended by, or reasonably expected to result from, the intentional or criminal acts or omissions of an **insured person**. This exclusion applies even if:
   a) such **insured person** lacks the mental capacity to control or govern his or her own conduct;

   b) such **insured person** is temporarily insane or temporarily lacks the mental capacity to control or govern his or her conduct or is temporarily unable to form any intent to cause property damage;
   c) the loss is of a different kind or degree than intended or reasonably expected; or
   d) the loss is sustained by a different person than intended or reasonably expected.

   This exclusion applies regardless of whether an **insured person** is actually charged with, or convicted of, a crime.

   This exclusion precludes coverage for all **insured persons** under the policy regardless of whether the person seeking coverage participated in any way in the intentional or criminal acts or omissions.

2. loss arising out of the use of:
   a) an **insured auto** while used to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or
   b) any **auto** an **insured person** is driving while available for hire by the public.

   This exclusion does not apply to **shared-expense car pools**.

3. loss to any **non-owned auto** arising out of motor vehicle business operations such as repairing, servicing, testing, washing, parking, storing, leasing, or selling of motor vehicles.

4. loss resulting from:
   a) war, whether declared or undeclared;
   b) warlike acts;
   c) invasion;
   d) insurrection;
   e) rebellion;
   f) revolution;
   g) civil war;
   h) usurped power;
   i) destruction for a military purpose; or
   j) action taken by civil, governmental or military authority to hinder or defend against an actual or impending enemy act.

5. loss resulting from nuclear hazard, meaning nuclear reaction, discharge, radiation or radioactive contamination, or any consequence of any of these.

6. loss consisting of or caused by:
   a) wear and tear;
   b) freezing;
   c) mechanical or electrical breakdown; or
   d) mold, fungus, or bacteria.

   This exclusion does not apply to:

027 010 051
200603A000124
1000000A000124027AK0002006032306290002080130290024280O

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 2 - Page 22 of 24

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 28 of 63



a)  mechanical or electrical breakdown resulting from a loss otherwise covered under **Auto Comprehensive Insurance** or **Auto Collision Insurance**; or

b)  covered loss that results from burning of wiring used to connect electrical components.

7.  loss to tires unless stolen or damaged by fire, malicious mischief or vandalism. This exclusion does not apply if the damage to tires occurs at the same time and from the same cause as other covered loss to the **insured auto**.

8.  loss to any **sound system** in or on an **insured auto**.

    This exclusion will not apply when **you** have purchased **Sound System Coverage** and the loss to the **sound system** is covered under that coverage.

9.  loss to any personal electronic devices or recording media. This exclusion will not apply if **you** have purchased **Portable Electronics And Media Coverage** and the loss to the personal electronic devices or recording media is covered under that coverage.

10. loss to a **camper unit** whether or not mounted. This exclusion will not apply if the **camper unit** is described on the Policy Declarations.

11. loss to appliances, furniture, equipment and accessories contained in, attached to, or being used in connection with a **travel-trailer**, that are not built into or forming a permanent part of that **travel-trailer**, including but not limited to, radio and television antennas, awnings, cabanas, or equipment designed to create additional living facilities.

    This exclusion will not apply to property contained in, attached to, or being used in connection with an insured **travel-trailer** if **Contents Coverage** is listed on **your** Policy Declarations for that **travel-trailer** and the property is covered under that coverage.

12. loss arising while **your insured auto**, **trailer**, or **travel-trailer** is rented to, leased to, or loaned for a charge to, any person or organization by or with the permission of an **insured person**.

13. loss arising out of participation in any prearranged, organized, or spontaneous:
    a)  racing contest;
    b)  speed contest; or
    c)  use of an **auto** at a track or course designed or used for racing or high performance driving;
    or use in practice or preparation for any contest of this type.

14. loss consisting of or caused by confiscation or seizure by a government authority.

15. loss due to conversion or embezzlement by any person who has the vehicle due to any lien or sales agreement.

16. loss to home, office, store, display, or passenger **trailers** or **travel-trailers**. This exclusion will not apply if **Auto Collision Insurance** or

**Auto Comprehensive Insurance** is listed on the Policy Declarations for the **trailer** or **travel-trailer** and the loss is covered under the listed coverage.

17. loss to any device that is designed for the detection of radar or laser and can be used to evade law enforcement.

18. loss to any **custom parts or equipment** designed for racing which are installed in or on **your insured auto**. This includes, but is not limited to, nitrous oxide systems, roll cages, and air intake modifications.

19. loss arising from a collision of **your auto**, or **your trailer** or **travel-trailer**, with another object or by upset of that **auto**, **trailer** or **travel-trailer** if, at the time of the loss, the **auto** was being operated by a licensed driver who was not listed on **your** Policy Declarations as a driver and who was either:
    a)  a **resident**; or
    b)  a guest temporarily staying in **your** home.

    **We** will not apply this exclusion under the following circumstances:
    a)  The driver operating the **auto** became a **resident**, a guest temporarily staying in **your** home, or a licensed driver no more than 185 days prior to the loss;
    b)  At the time of the loss, the driver was listed as an insured or licensed operator under another policy of insurance that provides automobile liability insurance coverage for their use of **your auto**;
    c)  At the time of the loss, the driver was operating the **auto**:
        i)   for the purpose of obtaining emergency medical treatment for a passenger in the **auto**; or
        ii)  because of the intoxicated condition of all other licensed drivers in the **auto**, and the driver was not legally intoxicated. Coverage will not apply unless a police accident report is obtained at the scene of the accident or, if a police accident report is not available at the scene of the accident, as soon as possible thereafter.

### Our Payment Of Loss

**We** may pay for the loss in money, or may repair or replace the damaged or stolen property at **our** option. **We** may, at any time before the loss is paid or the property is replaced, return at **our** own expense any stolen property, either to **you** or at **our** option to the address shown on the Policy Declarations, with payment for any resulting damage. **We** may take all or part of the property at the agreed or appraised value. **We** may settle any claim or loss either with **you** or the owner of the property.

### Right To Appraisal

Both **you** and **we** have a right to demand an appraisal of the loss. Each will appoint and pay a qualified appraiser. Other appraisal expenses will be shared equally. The two appraisers, or a judge of a court of record, will select an umpire. Each appraiser will state the actual cash value and the amount of loss. If the appraisers disagree, they'll submit their differences to the umpire. A

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 2, Page 23 of 24

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 29 of 63



written agreement by any two of these three persons will determine the amount of the loss.

## Limit Of Liability

**Our** limit of liability is the least of:

1. the actual cash value of the property or damaged part of the property at the time of loss, which may include a deduction for depreciation;

2. the cost to repair or replace the property or part to its physical condition at the time of loss using parts produced by or for the vehicle's manufacturer, or parts from other sources, including, but not limited to, non-original equipment manufacturers, subject to all applicable state laws and regulation;

3. the limit of liability shown on the Policy Declarations applicable to the damaged property. If the amount of the covered loss to the damaged property plus the cost of towing and storage for the damaged property exceeds the limit of liability shown on the Policy Declarations, **we** will pay up to an additional 5% of the limit shown for such towing and storage;

4. $500, if the loss is to a covered **trailer** or **travel-trailer** not described on the Policy Declarations; or

5. for loss to **custom parts or equipment**, the higher of $1,000 or the applicable limit shown on the Policy Declarations for **Collision Coverage for Custom Equipment** or **Comprehensive Coverage for Custom Equipment**.

Any applicable deductible amount is then subtracted. However:

1. If more than one **auto you** own and insure under this policy is damaged in a single collision covered under **Auto Collision Insurance** or by a single covered event covered under **Auto Comprehensive Insurance**, only the highest of the applicable **auto** deductibles (without consideration of any applicable deductible rewards) will be applied.

2. If an **insured person** using an **insured auto**, or a passenger in an **insured auto** with **your** permission, dies as a direct result of a collision covered under the **Auto Collision Insurance** of this policy, the deductible will not be applied to that accident. If such death occurs after the deductible has already been applied, **you** will be reimbursed for the deductible amount incurred.

If **we**, at **our** option, elect to pay for the cost to repair or replace the property or part, **our** liability does not include any decrease in the property's value, however measured, resulting from the loss and/or repair or replacement. If repair or replacement results in the betterment of the property or part, **you** may be responsible, subject to applicable state laws and regulations, for the amount of the betterment.

An **auto** and attached **trailer** or **travel-trailer** are considered separate items, and **you** must pay the deductible, if any, on each. Only one deductible will apply to an **auto** with a mounted **camper unit**. If unmounted, separate deductibles will apply to the **auto** and **camper unit**.

When more than one coverage is applicable to the loss, **you** may recover under the broadest coverage but not both. However, **Sound System Coverage**, if purchased, will provide coverage in excess of the limit for loss to **sound systems** provided under any other coverage.

## If There Is Other Insurance

If there is other insurance covering the loss at the time of the accident, **we** will pay only **our** share of any damages. **Our** share is determined by adding the limits of this insurance to the limits of all other insurance that applies on the same basis and finding the percentage of the total that **our** limits represent.

When this insurance covers a **substitute auto** or **non-owned auto**, **we** will pay only after all other collectible insurance has been exhausted.

When this insurance covers a **replacement auto** or **additional auto**, this policy won't apply if **you** have other collectible insurance.

## No Benefit To Bailee

This insurance will not benefit any person or organization who may be caring for or handling **your** property for a fee.

## Loss Payable Clause

If a Lienholder and/or Lessor is shown on the Policy Declarations, **we** may pay covered loss under this policy to **you** and to the Lienholder and/or Lessor as its interest may appear. **We** will pay neither **you** nor the Lienholder and/or Lessor if **you**, or someone at **your** direction, commits fraud, makes a material misrepresentation, or conceals material facts when obtaining or renewing this policy; or if **you** or any owner makes fraudulent statement(s) or engages in fraudulent conduct in connection with any loss for which coverage is sought.

The Lienholder and/or Lessor must notify **us** of any change in ownership or hazard that is known.

If **you** or any owner fails to render proof of loss within the time granted in the policy, the Lienholder and/or Lessor must do so within sixty days in the form and manner described in the policy. The Lienholder and/or Lessor are subject to the provisions of the policy relating to appraisal, time of payment and bringing suit.

**We** may cancel this policy according to its terms. **We** will notify the Lienholder and/or Lessor at least ten days prior to the date of cancellation that the cancellation is effective as to the interest of the Lienholder and/or Lessor.

Whenever **we** pay the Lienholder and/or Lessor any sum for loss under this policy, **we** will be subrogated to the extent of payment to the rights of the party to whom payment was made. However, **our** right to subrogate will not impair the rights of the Lienholder and/or Lessor to recover the full amount of its claim from the insured.

The Lienholder and/or Lessor has no greater rights under the provisions of the policy than the insured.

027 010 051
200603A000124
1000000A000124027AK0002006032306290002080140290024280

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Exhibit Page 24 of 24

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 30 of 63

# WilliamsM v. Sampson
## MVC/DOL: 08/20/20
## ER 1006 Medical Billing Summary as of 11/11/21

Merdes Law Office, P.C.
P.O. Box 71309 - Fairbanks, AK 99707
(907)452-5400

| Health Care Provider: | Treatment Start Date: | Treatment End Date: | Total Billed: | Bates No.: |
|---|---|---|---|---|
| Tanana Valley Clinic / Sportsmedicine | 08/20/20 | 10/05/20 | $ 1,478.00 | MMW-MR-000004 |
| | | | | MMW-MB-000018 |
| Fairbanks Psych & Neuro | 09/29/20 | 09/29/20 | $ 1,695.00 | MMW-MR-000066 |
| Radiology Consultants | 08/20/20 | 09/10/20 | $ 928.00 | MMW-MB-000031 |
| ATI Physical Therapy | 09/14/20 | 10/04/21 | $ 3,265.35 | MMW-MR-000073-075 |
| | | | | MMW-09-000170,176 |
| Fairbanks Memorial Hospital | 08/20/20 | 09/10/20 | $ 3,832.50 | MMW-MB-000036-038 |
| Anch. Fracture & Ortho. Clinic | 10/20/20 | 02/01/21 | $ 11,714.00 | MMW-12-000046 |
| Creekside Surgery Center | 02/01/21 | 02/01/21 | $ 19,264.20 | MMW-12-000083 |
| Andrew Physical Therapy | 02/18/21 | 04/01/21 | $ 1,135.00 | MMW-MB-000035 |
| Alpine Anesthesia | 02/01/21 | 02/01/21 | $ 1,050.00 | MMW-12-000047 |
| Providence AK Medical Center | 01/30/21 | 01/30/21 | $ 120.00 | MMW-09-000137 |

**TOTAL PAST MEDICAL BILLS:** $ 44,482.05

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 31 of 63   Ex. 2: Page 1 of 18



| STATEMENT DATE | PAY THIS AMOUNT | ACCOUNT NBR |
|---|---|---|
| 04/21/2021 | $0.00 | 77320 |
| Tax Id: 611797882 | SHOW AMOUNT PAID HERE $ | |

**FOUNDATION HEALTH PARTNERS**
**TANANA VALLEY CLINIC**

ENCOUNTER INVOICE 5380876

ADDRESSEE:
Illlhllllllhhllllllhlll
**Meadow M Williams**
680 Wayne Williams Ln
Fairbanks, AK 99712
USA

REMIT TO:
Illlhllllllhhlhllllllhhllllllhllll
**Tanana Valley Clinic, LLC**
PO Box 73720
Fairbanks, AK 99707-3720
USA
(907) 459-3500

☐ Please check box if above address is incorrect or insurance
information has changed and indicate change(s) on reverse side.

**PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT**

| DATE | PATIENT NAME | PROVIDER | CPT4 | DIAG | DESCRIPTION OF SERVICE | AMOUNT |
|---|---|---|---|---|---|---|
| 08/20/20 | Meadow Williams | Day, Herbert | 99213 | S89.91XA | Offic/outpt E m Estab Low | $220.00 |
| 08/20/20 | Meadow Williams | Day, Herbert | E0114-NU | S89.91XA | Crutches Pair | $63.00 |
| 09/09/20 | | | | | Blue Cross Payment | -$164.80 |
| 09/09/20 | | | | | Blue Cross Payment | -$50.40 |
| 10/02/20 | | | | | Aetna Pmt | -$41.20 |
| 10/02/20 | | | | | Aetna Pmt | -$12.60 |
| 09/09/20 | | | | | Blue Cross Adjustment | -$14.00 |
| 09/09/20 | | | | | Blue Cross Adjustment | $0.00 |

| Account Number | Charges | Payments | Refunds Adjustments | Estimated Balance Due From Insurance | Balance Due From Patient |
|---|---|---|---|---|---|
| 77320 | $283.00 | -$269.00 | -$14.00 | $0.00 | $0.00 |

MESSAGE:

Please Pay This
AMOUNT >>>> $0.00

** PAYMENT DUE UPON RECEIPT *THANK YOU **
ENCOUNTER INVOICE
Printed by TRLukens ( 2883 ) on 4/21/2021 3:15:41 PM

Page: 1 of 1

MMW-MB-000018
Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 32 of 63   Page 2 of 18


**FOUNDATION HEALTH PARTNERS**
**TANANA VALLEY CLINIC**

| STATEMENT DATE | PAY THIS AMOUNT | ACCOUNT NBR |
|---|---|---|
| 04/22/2021 | $0.00 | 77320 |
| SHOW AMOUNT PAID HERE $ | | |

STATEMENT

ADDRESSEE:
Meadow, M, Williams
680 Wayne Williams Ln
Fairbanks, AK 99712
USA

REMIT TO:
Lathrop St Sportsmedicine Fairbanks
1919 Lathrop St
Fairbanks, AK 99701-5942
USA

☐ Please check box if above address is incorrect or insurance
information has changed and indicate change(s) on reverse side.

**PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT**
**Billing Questions: 907-459-3580**

| Date | Patient | Provider | Service | Description of Service | Charge | Insurance Receipt | Patient Receipt | Adjust | Insurance Balance | Patient Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/09/20 | Meadow | Wood | 99214 | Offic/outpt E m Estab Mod | $325.00 | $243.20 | $60.80 | $21.00 | $0.00 | $0.00 |
| 09/10/20 | Meadow | Wood | 99213 | Offic/outpt E m Estab Low | $220.00 | $164.80 | $41.20 | $14.00 | $0.00 | $0.00 |
| 09/24/20 | Meadow | Wood | 99214 | Offic/outpt E m Estab Mod | $325.00 | $243.20 | $60.80 | $21.00 | $0.00 | $0.00 |
| 10/05/20 | Meadow | Wood | 99214 | Offic/outpt E m Estab Mod | $325.00 | $243.20 | $60.80 | $21.00 | $0.00 | $0.00 |

| Account Number | Current | 30 Days | 60 Days | 90 Days | 120 Days | Total Account Balance |
|---|---|---|---|---|---|---|
| 77320 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

MESSAGE:
Announcing NextMD- This private, secure internet portal allows patients to request medication refills,
receive test results, make appointments and correspond with providers. Visit TVC today and our friendly
staff will be happy to sign you up.

Please Pay This
AMOUNT >>>> $0.00

** PAYMENT DUE UPON RECEIPT *THANK YOU **
**STATEMENT**

Page: 1 of 1

MMW-MR-000004
Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief

**Statement**

**FAIRBANKS PSYCH AND NEURO CLINIC**

1919 LATHROP STREET
SUITE 220
FAIRBANKS, AK 997015942

Tax ID : 920068832

Phone # : 8004784091

Date : 04/22/21

WILLIAMS,MEADOW M
680 WAYNE WILLIAMS LANE
FAIRBANKS,AK 99712

Account : 10032120-1

Patient : WILLIAMS,MEADOW M

DOB : 08/09/02

Phone # : 907/687-5497

Insurance1: ALLSTATE INSURANCE          08092002
Insurance2: BLUE CROSS, PREMERA         ALV600925357

Page  1

| Date | Code | Description | Qty | Diagn | Provider | Ref | Place | Amount | Balance |
|------|------|-------------|-----|-------|----------|-----|-------|--------|---------|
| 09/29/20 | 9924325 | OFFICE CONSULTATION N | 1 | G57.31 | 3 | 34 | O | 455.00 | 0.00 |
| 10/08/20 | BSCK | BLUE SHIELD CHECK | | | 3 | 34 | O | -364.00 | |
| 12/21/20 | AETCK | AETNA CHECK | | | 3 | 34 | O | 0.00 | |
| 02/12/21 | AETCK | AETNA CHECK | | | 3 | 34 | O | 0.00 | |
| 02/12/21 | AETCK | AETNA CHECK | | | 3 | 34 | O | -91.00 | |
| 09/29/20 | 95885 | NEEDLE EMG EA EXTREMI | 1 | G57.31 | 3 | 34 | O | 315.00 | 0.00 |
| 10/08/20 | BSCK | BLUE SHIELD CHECK | | | 3 | 34 | O | -252.00 | |
| 12/21/20 | AETCK | AETNA CHECK | | | 3 | 34 | O | 0.00 | |
| 02/12/21 | AETCK | AETNA CHECK | | | 3 | 34 | O | 0.00 | |
| 02/12/21 | AETCK | AETNA CHECK | | | 3 | 34 | O | -63.00 | |
| 09/29/20 | 95907 | NERVE CONDUCTION STUD | 1 | G57.31 | 3 | 34 | O | 925.00 | 0.00 |
| 10/08/20 | BSCK | BLUE SHIELD CHECK | | | 3 | 34 | O | -389.20 | |
| 10/08/20 | BSDS | BLUE SHIELD DISALLOWA | | | 3 | 34 | O | -438.50 | |
| 12/21/20 | AETCK | AETNA CHECK | | | 3 | 34 | O | 0.00 | |
| 02/12/21 | AETCK | AETNA CHECK | | | 3 | 34 | O | 0.00 | |
| 02/12/21 | AETCK | AETNA CHECK | | | 3 | 34 | O | -97.30 | |

| Balance |
|---------|
| 0.00 |

Provider:

FOELSCH, JAMES MD

Referring:

34          WOOD, ROBERT PA-C

MMW-MR-000066
Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief

```
RADIOLOGY CONSULTANTS, PC
PO BOX 9099
LONGVIEW, TX 75608-9099          Please see the detail above showing how
                                 your insurance was processed.
800 318-5578                     The balance due is your responsibilty.
TAX ID920037168                  **** PLEASE REMIT ****  Thank you.

    ACCOUNT NO.    6136-01          STATEMENT DATE  05/20/21

    MEADOW M WILLIAMS
    680 WAYNE WILLIAMS LN
    FAIRBANKS, AK 99712

--------------------------------------------------------------------------
              DR#
 DATE    PATIENT  AT RF  DESCRIPTION              ICD10      AMOUNT
--------------------------------------------------------------------------

06/30/20  MEADOW  1  2   72081/26  SPINE SCOLIOSIS THOR  M41125     65.00
07/07/20  MEADOW  3  4   74177/26  CT ABD AND PELV W/ C  R109      559.00
07/11/20  MEADOW          300      BCBS PAYMENT                     65.00-
07/18/20  MEADOW          300      BCBS PAYMENT                    466.05-
07/18/20  MEADOW          301      BCBS ADJUSTMENT                  92.95-
08/20/20  MEADOW          73590/26 TIBIA/FIBIA, 2 VIEWS  M79604     43.00 XX
08/29/20  MEADOW          300      BCBS PAYMENT                     32.98-
08/29/20  MEADOW          301      BCBS ADJUSTMENT                   1.77-
09/09/20  MEADOW          73562/26 KNEE, 3 VIEWS         M25561     49.00 XX
09/10/20  MEADOW          73721/26 MRI LOWER EXT JNT W/  S8011XA   419.00 XX
09/10/20  MEADOW          73718/26 MRI LOWER EXT NON JN  S8011XA   417.00 XX
09/24/20  MEADOW          300      BCBS PAYMENT                     38.72-
09/24/20  MEADOW          301      BCBS ADJUSTMENT                    .60-
09/25/20  MEADOW          300      BCBS PAYMENT                    553.53-
09/25/20  MEADOW          301      BCBS ADJUSTMENT                 144.09-
04/05/21  MEADOW          475      SMALL BALANCE WRITE               8.25-

                                             ------------
                          TOTAL CURRENT         $148.06
```

Please note that the highlighted "SMALL BALANCE WRITE" amount is still outstanding and due.

TOTAL OUTSTANDING BALANCE: $8.25

MMW-MB-000031

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 35 of 63   Page 5 of 18



Patient Ledger Report

Patient ID: 23293431 Meadow Williams

Claim #:

790 Remington Blvd | Bolingbrook, IL 60440

| Date | CPTCode | Description | Units | Amount | Payment Class |
|------|---------|-------------|-------|--------|---------------|
| 9/14/2020 | L1906 | ASO | 1 | $52.41 | |
| 9/24/2020 | 97010 | Hot or Cold Pack | 1 | $56.74 | |
| | 97014 | Electrical Stimulation Unattended | 1 | $63.83 | |
| | 97035 | Ultrasound | 1 | $69.04 | |
| | 97163 | Physical therapy evaluation: high complexity | 1 | $221.65 | |
| 9/29/2020 | 97010 | Hot or Cold Pack | 1 | $56.74 | |
| | 97014 | Electrical Stimulation Unattended | 1 | $63.83 | |
| | 97035 | Ultrasound | 1 | $69.04 | |
| | 97110 | Therapeutic Exercise | 1 | $110.81 | |
| 9/30/2020 | | PREMERA BLUE CROSS paid $41.93 for DOS 9/14/2020 via check #0023456213, Batch #09292020_OM1067_MP_HL_345. Entered on 9/30/2020.CO-45:$10.48; | | $41.93 | Payment |
| | | PREMERA BLUE CROSS Discount of $10.48 for DOS 9/14/2020 via check #0023456213, Batch #09292020_OM1067_MP_HL_345. Entered on 9/30/2020.CO-45:$10.48; | | $10.48 | Write Off |
| 10/8/2020 | 97010 | Hot or Cold Pack | 1 | $56.74 | |
| | 97014 | Electrical Stimulation Unattended | 1 | $63.83 | |
| | 97110 | Therapeutic Exercise | 2 | $221.62 | |
| 10/15/2020 | 97010 | Hot or Cold Pack | 1 | $56.74 | |
| | 97014 | Electrical Stimulation Unattended | 1 | $63.83 | |
| | 97110 | Therapeutic Exercise | 2 | $221.62 | |
| 10/22/2020 | 97110 | Therapeutic Exercise | 3 | $332.43 | |
| 11/5/2020 | | PREMERA BLUE CROSS paid $129.47 for DOS 9/24/2020 - 9/29/2020 via check #0023540277, Batch #11022020_OM1058_JM_HL_672. Entered on 11/5/2020.CO-45:$116.55; OA-16 :$433.29; CO-226:$433.29; PR-2:$32.37; | | $129.47 | Payment |
| | | PREMERA BLUE CROSS Discount of $116.55 for DOS 9/24/2020 - 9/29/2020 via check #0023540277, Batch #11022020_OM1058_JM_HL_672. Entered on 11/5/2020.CO-45:$116.55; OA-16 :$433.29; CO-226:$433.29; PR2:$32.37; | | $116.55 | Write Off |
| 11/18/2020 | | PREMERA BLUE CROSS paid $0.00 for DOS 10/8/2020 via check #20201107109000050EPRA23577399, Batch #11162020_OM1132_AJ_HL_810. Entered on 11/18/2020.CO-97 :$56.74; CO-226:$285.45; | | $0.00 | Payment |

Page 1 of 3

MMW-MR-000073
Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Exhibit 1



Patient Ledger Report

Patient ID: 23293431 Meadow Williams

**PHYSICAL THERAPY**

Claim #:

790 Remington Blvd | Bolingbrook, IL 60440

| Date | Code | Description | | Amount | Type |
|---|---|---|---|---|---|
| 11/18/2020 | | PREMERA BLUE CROSS Discount of $0.00 for DOS 10/8/2020 via check #20201107109000050EPRA23577399, Batch #11162020_OM1132_AJ_HL_810. Entered on 11/18/2020.CO-97 :$56.74; CO-226:$285.45; | | $0.00 | Write Off |
| 11/24/2020 | | PREMERA BLUE CROSS paid $0.00 for DOS 10/15/2020 via check #0023595044, Batch #11232020_OM1058_JM_HL_850. Entered on 11/24/2020.OA-16 :$342.19; | | $0.00 | Payment |
| | | PREMERA BLUE CROSS Discount of $0.00 for DOS 10/15/2020 via check #0023595044, Batch #11232020_OM1058_JM_HL_850. Entered on 11/24/2020.OA-16 :$342.19; | | $0.00 | Write Off |
| 12/4/2020 | | PREMERA BLUE CROSS paid $0.00 for DOS 10/22/2020 via check #0023616493, Batch #12012020_OM1058_JM_HL_959. Entered on 12/4/2020.OA-16 :$332.43; CO-226:$332.43; | | $0.00 | Payment |
| | | PREMERA BLUE CROSS Discount of $0.00 for DOS 10/22/2020 via check #0023616493, Batch #12012020_OM1058_JM_HL_959. Entered on 12/4/2020.OA-16 :$332.43; CO-226:$332.43; | | $0.00 | Write Off |
| 12/8/2020 | 97035 | Ultrasound | 1 | $69.04 | |
| | 97110 | Therapeutic Exercise | 1 | $110.81 | |
| | 97112 | Neuromuscular Re-education | 1 | $108.45 | |
| 12/22/2020 | 97035 | Ultrasound | 1 | $69.04 | |
| | 97112 | Neuromuscular Re-education | 1 | $108.45 | |
| 12/24/2020 | 97035 | Ultrasound | 1 | $69.04 | |
| | 97110 | Therapeutic Exercise | 1 | $110.81 | |
| 1/12/2021 | | PREMERA BLUE CROSS paid $0.00 for DOS 12/8/2020 via check #0023743568, Batch #01112021_OM1133_CK_HL_270. Entered on 1/12/2021.CO-226:$288.30; | | $0.00 | Payment |
| | | PREMERA BLUE CROSS Discount of $0.00 for DOS 12/8/2020 via check #0023743568, Batch #01112021_OM1133_CK_HL_270. Entered on 1/12/2021.CO-226:$288.30; | | $0.00 | Write Off |
| 2/3/2021 | | PREMERA BLUE CROSS paid $0.00 for DOS 12/22/2020 - 12/24/2020 via check #0023785011, Batch #02012021_OM1058_JM_HL_464. Entered on 2/3/2021.OA-16 :$357.34; PR-227:$357.34; | | $0.00 | Payment |
| | | PREMERA BLUE CROSS Discount of $0.00 for DOS 12/22/2020 - 12/24/2020 via check #0023785011, Batch #02012021_OM1058_JM_HL_464. Entered on 2/3/2021.OA-16 :$357.34; PR-227:$357.34; | | $0.00 | Write Off |
| 5/12/2021 | | Discount of $0.00 for DOS 9/14/2020 - 9/24/2020 via check #MISSEDPAYCPT, Batch #05102021_OM1058_JM_HL_381. Entered on 5/12/2021. | | $0.00 | Write Off |

Page 2 of 3



Patient Ledger Report

Patient ID: 23293431 Meadow Williams

PHYSICAL THERAPY

790 Remington Blvd | Bolingbrook, IL 60440

Claim #:

| 5/12/2021 | | BCBS AK - Premera paid ($171.40) for DOS 9/14/2020 - 9/24/2020 via check #0024070295, Batch #05102021_OM1058_JM_HL_381. Entered on 5/12/2021. | | ($171.40) | Payment |
|---|---|---|---|---|---|
| | | BCBS AK - Premera Discount of ($127.03) for DOS 9/14/2020 - 9/24/2020 via check #0024070295, Batch #05102021_OM1058_JM_HL_381. Entered on 5/12/2021. | | ($127.03) | Write Off |
| | | | Total Charges: | $2,426.54 | |
| | | | Total Payments: | $0.00 | |
| Printed on 5/12/2021 12:52:19 PM | | | Total Discount: | $0.00 | |
| | | | Total Reversals: | $0.00 | |
| | | | Total Refunds: | $0.00 | |
| | | | Balance Due: | $2,426.54 | |

Page 3 of 3

MMW-MR-000075
Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Exhibit 2 Page 8 of 18

 **PREMERA** 

**BLUE CROSS BLUE SHIELD OF ALASKA**

P.O. Box 91059
Seattle, WA 98111-9159

416  1 AV 0.426   940559.38  10004814   NNNNNN

MEADOW WILLIAMS
680 WAYNE WILLIAMS LN
FAIRBANKS AK 99712



**RECEIVED**

~~JUL 2 5 2021~~

BY: PP-CC

October 2, 2021

| | |
|---|---|
| **Customer Service** | |
| 800-251-1519 (TTY 711) | |
| **Member Identification #** | |
| 60092535703 | |
| **Claim # / Payment Reference ID** | |
| 856921083200 / 2021100210600006 | |
| **Group Name / Group #** | |
| ALYESKA PIPELINE SERVICE COMPANY / 9000000 | |
| **Your Total Responsibility** | **$491.68** |

**This is Not a Bill**

This is the amount you owe your healthcare provider

The summary below is intended to help you understand
cost and coverage for Medical services received.

# Explanation of Benefits (EOB)

**Claim Summary for** MEADOW WILLIAMS
**Claim #** 856921083200

**For services provided by** ADIENT ALASKA on 09/29/2021 through 09/29/2021

| | | |
|---|---|---|
| Amount Billed | **$491.68** | Full amount billed by your provider to your health plan. |
| Amount Paid by your Health Plan | $0.00 | Your health plan paid this portion of the Amount Billed. |
| **Your Total Responsibility** | **$491.68** | This is the total you owe the provider. It doesn't reflect any amounts you may have already paid. The provider will bill you for any balance owed. |
| Amount you Saved | $0.00 | You saved 0% of the Amount Billed. This amount includes the Premera Network Discount and Amount Paid by your Health Plan. |

To see the amount applied to your out-of-pocket maximum for the year,
log in to www.premera.com or go to the mobile app.

INSP EOB                         www.premera.com                    An Independent Licensee of the Blue Cross Blue Shield       MMW-09-000170

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 39 of 63 — Page 9 of 18



**PREMERA** | ✚
**BLUE CROSS BLUE SHIELD OF ALASKA**

P.O. Box 91059
Seattle, WA 98111-9159



1281 1 AV 0.426  950316.11  10005175  NNNNNN

MEADOW WILLIAMS
680 WAYNE WILLIAMS LN
FAIRBANKS AK 99712



**RECEIVED**

NOV 15 2021

BY: ꓘꓘꓹꓛ

October 9, 2021

| | |
|---|---|
| **Customer Service** | 800-251-1519 (TTY 711) |
| **Member Identification #** | 60092535703 |
| **Claim # / Payment Reference ID** | 856950223100 / 2021100911400157 |
| **Group Name / Group #** | ALYESKA PIPELINE SERVICE COMPANY / 9000000 |
| **Your Total Responsibility** | **$288.12** |

**This is Not a Bill**
This is the amount you owe your healthcare provider

The summary below is intended to help you understand
cost and coverage for Medical services received.

# Explanation of Benefits (EOB)

**Claim Summary for** MEADOW WILLIAMS
**Claim #** 856950223100

**For services provided by** ADIENT ALASKA on 10/04/2021 through 10/04/2021

| | | |
|---|---|---|
| Amount Billed | **$347.13** | Full amount billed by your provider to your health plan. |
| Premera Network Discount | $59.01 | Premera negotiates discounts with in-network providers on your behalf to help save you money. |
| Amount Paid by your Health Plan | $0.00 | Your health plan paid this portion of the Amount Billed. |
| **Your Total Responsibility** | **$288.12** | This is the total you owe the provider. It doesn't reflect any amounts you may have already paid. The provider will bill you for any balance owed. |
| Amount you Saved | $59.01 | You saved 17% of the Amount Billed. This amount includes the Premera Network Discount and Amount Paid by your Health Plan. |

To see the amount applied to your out-of-pocket maximum for the year,
log in to www.premera.com or go to the mobile app.

*[handwritten annotations:]* EXUST LETTER, PAYMENT LEDGER, Ledger = FAX, PIP or med PAY, PAYMENT Ledger →

INSP EOB

www.premera.com

An Independent Licensee of the Blue Cross Blue Shield Association

MMW-09-000176

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 40 of 63   Ex. C - Page 10 of 18



# FAIRBANKS MEMORIAL HOSPITAL

1650 Cowles Street
Fairbanks, AK 99701
(907) 452-5181

Please refer to this number
on all correspondence ▶

| | |
|---|---|
| Patient Type | **OUTPATIENT** |
| Page | 1 |
| Patient Account Number | 3018507099 |

| Phone No. | Attending Physician | Medical Record No. |
|---|---|---|
| | DAY, HERBERT | 23-92-38 |

| Patient Name | Admission Date | Discharge Date | Days | Birth Date | Group No. | Member no. |
|---|---|---|---|---|---|---|
| WILLIAMS, MEADOW M | 8/20/20 | 8/20/20 | 1 | 8/09/02 | COUNTRY FINA | 6000059444 |

**Patient or Guarantor Name & Address**

NATHAN L WILLIAMS
680 WAYNE WILLIAMS LN
FAIRBANKS, AK 99712

| COVERAGE | | Code | |
|---|---|---|---|
| 1st | | 4080 | PREMERA BCBS OF AK |
| 2nd | | 4062 | AETNA - EL PASO TX |
| 3rd | | 8065 | COUNTRY FINANCIAL |

| Charge No. | Description | Date | Quantity | Code | Amount |
|---|---|---|---|---|---|
| | 320 DX XRAY | | | | |
| 8233546 | TIBIA + FIBULA | 8/20/20 | 1 | | 176.63 |
| | ** SUBTOTAL ** | | 1 | | 176.63 |
| | | | | | |
| | 998 ADJUSTMENTS | | | | |
| 9700014 | ADJ DISCOUNT ERA | 5/12/21 | 1 | | 7.07 |
| 9700014 | ADJ DISCOUNT ERA | 9/30/20 | 1 | | 7.07- |
| 9700030 | ADJ DISCOUNT ERA | 5/07/21 | 1 | | 10.60 |
| 9700030 | ADJ DISCOUNT ERA | 9/04/20 | 1 | | 10.60- |
| 9706102 | ADJ/SMALL BALANCE | 5/12/21 | 1 | | 7.07- |
| 9706102 | ADJ/SMALL BALANCE | 10/10/20 | 1 | | 7.07 |
| | ** SUBTOTAL ** | | | | .00 |
| | | | | | |
| | 999 PAYMENTS | | | | |
| 9940628 | ETHIX SECONDARY PAY | 9/30/20 | 1 | | 33.21- |
| 9940800 | BLUE CROSS WA ALASKA PAY | 5/07/21 | 1 | | 132.82 |
| 9940800 | BLUE CROSS WA ALASKA PAY | 5/07/21 | 1 | | .00 |
| 9940800 | BLUE CROSS WA ALASKA PAY | 9/04/20 | 1 | | 132.82- |
| | ** SUBTOTAL ** | | | | 33.21- |

```
                *** TOTAL CHARGES -->              176.63

                *** TOTAL PAYMENTS -->              33.21-
```

```
*** BALANCE LESS ANY PENDING TRANSACTIONS -->      143.42
                BUSINESS OFFICE
```

MMW-MB-000036

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 2 - Page 11 of 18
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 41 of 63



**FAIRBANKS MEMORIAL HOSPITAL**

1650 Cowles Street
Fairbanks, AK 99701
(907) 452-8181.

Please refer to this number on all correspondence

| Patient Type | OUTPATIENT | Page 1 |
|---|---|---|

Patient Account Number: 3018598056

| Phone No. | Attending Physician | Medical Record No. |
|---|---|---|
| | WOOD, ROBERT A | 23-92-38 |

| Patient Name | Admission Date | Discharge Date | Days | Birth Date | Group No. | Member no. |
|---|---|---|---|---|---|---|
| WILLIAMS, MEADOW M | 9/09/20 | 9/09/20 | 1 | 8/09/02 | COUNTRY FINA | 6000059444 |

**Patient or Guarantor Name & Address**

NATHAN L WILLIAMS
680 WAYNE WILLIAMS LN
FAIRBANKS, AK 99712

| COVERAGE | | Code | |
|---|---|---|---|
| | 1st | 4080 | PREMERA BCBS OF AK |
| | 2nd | 4062 | AETNA - EL PASO TX |
| | 3rd | 8065 | COUNTRY FINANCIAL |

| Charge No. | Description | Date | Quantity | Code | Amount |
|---|---|---|---|---|---|
| | **320 DX XRAY** | | | | |
| 8233017 | XR KNEE 1-2 VIEW LT | 9/09/20 | 1 | | 176.63 |
| 8233538 | XR KNEE CMP 4+ VIEW RT | 9/09/20 | 1 | | 226.42 |
| | ** SUBTOTAL ** | | 2 | | 403.05 |
| | **998 ADJUSTMENTS** | | | | |
| 9700014 | ADJ DISCOUNT ERA | 10/20/20 | 1 | | 16.13- |
| 9700014 | ADJ DISCOUNT ERA | 12/10/20 | 1 | | 16.13 |
| 9700030 | ADJ DISCOUNT ERA | 5/07/21 | 1 | | 24.19 |
| 9700030 | ADJ DISCOUNT ERA | 9/28/20 | 1 | | 24.19- |
| | ** SUBTOTAL ** | | | | .00 |
| | **999 PAYMENTS** | | | | |
| 9940628 | ETHIX SECONDARY PAY | 10/20/20 | 1 | | 75.78- |
| 9940800 | BLUE CROSS WA ALASKA PAY | 5/07/21 | 1 | | 303.08 |
| 9940800 | BLUE CROSS WA ALASKA PAY | 5/07/21 | 1 | | .00 |
| 9940800 | BLUE CROSS WA ALASKA PAY | 9/28/20 | 1 | | 303.08- |
| | ** SUBTOTAL ** | | | | 75.78- |
| | *** TOTAL CHARGES --▷ | | | | 403.05 |
| | *** TOTAL PAYMENTS --▷ | | | | 75.78- |

*** BALANCE LESS ANY PENDING TRANSACTIONS --▷     327.27

BUSINESS OFFICE

MMW-MB-000037

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 42 of 63   Page 12 of 18



## FAIRBANKS MEMORIAL HOSPITAL

1650 Cowles Street
Fairbanks, AK 99701
(907) 452-8181

| | | |
|---|---|---|
| Patient Type | OUTPATIENT | Page 1 |

Please refer to this number on all correspondence ▶

Patient Account Number: 3018599831

| Phone No. | Attending Physician | Medical Record No. |
|---|---|---|
| | WOOD, ROBERT A | 23-92-38 |

| Patient Name | Admission Date | Discharge Date | Days | Birth Date | Group No. | Member no. |
|---|---|---|---|---|---|---|
| WILLIAMS, MEADOW M | 9/10/20 | 9/10/20 | 1 | 8/09/02 | COUNTRY FINA | 6000059444 |

**Patient or Guarantor Name & Address**

MEADOW M WILLIAMS
680 WAYNE WILLIAMS LN
FAIRBANKS, AK 99712

| COVERAGE | | Code | |
|---|---|---|---|
| 1st | | 4080 | PREMERA BCBS OF AK |
| 2nd | | 4062 | AETNA - EL PASO TX |
| 3rd | | 8065 | COUNTRY FINANCIAL |

| Charge No. | Description | Date | Quantity | Code | Amount |
|---|---|---|---|---|---|
| | 614 MRI - OTHER | | | | |
| 8033813 | MRI R LOW EXT JOINT W/O | 9/10/20 | 1 | | 1,626.41 |
| 8045965 | MRI LOW EXT RT W/OUT | 9/10/20 | 1 | | 1,626.41 |
| | ** SUBTOTAL ** | | 2 | | 3,252.82 |
| | | | | | |
| | 998 ADJUSTMENTS | | | | |
| 9700014 | ADJ DISCOUNT ERA | 7/09/21 | 1 | | 130.12- |
| 9700030 | ADJ DISCOUNT ERA | 5/07/21 | 1 | | 195.16 |
| 9700030 | ADJ DISCOUNT ERA | 9/28/20 | 1 | | 195.16- |
| | ** SUBTOTAL ** | | 1 | | 130.12- |
| | | | | | |
| | 999 PAYMENTS | | | | |
| 9940628 | ETHIX SECONDARY PAY | 7/09/21 | 1 | | .00 |
| 9940628 | ETHIX SECONDARY PAY | 7/09/21 | 1 | | 611.54- |
| 9940628 | ETHIX SECONDARY PAY | 8/06/21 | 1 | | .00 |
| 9940628 | ETHIX SECONDARY PAY | 10/20/20 | 1 | | .00 |
| 9940800 | BLUE CROSS WA ALASKA PAY | 5/07/21 | 1 | | 2,446.12 |
| 9940800 | BLUE CROSS WA ALASKA PAY | 5/07/21 | 1 | | .00 |
| 9940800 | BLUE CROSS WA ALASKA PAY | 9/28/20 | 1 | | 2,446.12- |
| | ** SUBTOTAL ** | | 3 | | 611.54- |

```
        *** TOTAL CHARGES -->              3,252.82

        *** TOTAL PAYMENTS -->               611.54-

        *** TOTAL ADJUSTMENTS -->            130.12-

        *** TOTAL BAD DEBT PAYMENTS -->          .00
                                        ------------
```

*** BALANCE LESS ANY PENDING TRANSACTIONS -->

2,511.16

BUSINESS OFFICE

MMW-MB-000038

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 43 of 63   Page 13 of 18

# Patient Ledger

### Business Unit: Anchorage Fracture & Orthopedic Clinic

**Williams, Meadow** | 08/09/2002 | **MRN:** MM0000002621 | **PMS:** 110469PAT000002669
680 Wayne Williams Ln
Fairbanks, AK 99712
(907) 460-1058

3831 Piper Street 220,
Anchorage, AK 995084672

| Bill | | | | | | | Douglas Prevost \| Anchorage Fracture & Orthopedic Clinic | |
|---|---|---|---|---|---|---|---|---|
| DOS | Posting Date | Details | Charges | Payment | Adj. | | Ins Balance | Pat Balance |
| 02/01/2021 | — | CB001C614 | 111.00 | 37.94 | 33.58 | | 39.48 | 0.00 |
| 02/01/2021 | 02/03/2021 | A4637 - Repl tip cane/crutch/walker | 30.00 | 0.00 | 0.00 | | 30.00 | 0.00 |
| 02/01/2021 | 02/03/2021 | E0114 - Crutches underarm, other… | 81.00 | 37.94 | 33.58 | | 9.48 | 0.00 |

| Bill | | | | | | | Douglas Prevost \| Creekside Surgery Center | |
|---|---|---|---|---|---|---|---|---|
| DOS | Posting Date | Details | Charges | Payment | Adj. | | Ins Balance | Pat Balance |
| 02/01/2021 | — | CB001C9P5 | 10,078.00 | 0.00 | 0.00 | | 10,078.00 | 0.00 |
| 02/01/2021 | 02/03/2021 | 64708 - NEURP MAJOR PRPH N… | 6,032.00 | 0.00 | 0.00 | | 6,032.00 | 0.00 |
| 02/01/2021 | 02/03/2021 | 29875 - ARTHROSCOPY KNEE … | 4,046.00 | 0.00 | 0.00 | | 4,046.00 | 0.00 |

| Bill | | | | | | | Elizabeth Elander \| Creekside Surgery Center | |
|---|---|---|---|---|---|---|---|---|
| DOS | Posting Date | Details | Charges | Payment | Adj. | | Ins Balance | Pat Balance |
| 02/01/2021 | — | CB001C9R9 | 1,206.00 | 281.98 | 853.53 | | 70.49 | 0.00 |
| 02/01/2021 | 02/03/2021 | 64708 - NEURP MAJOR PRPH N… | 1,206.00 | 281.98 | 853.53 | | 70.49 | 0.00 |

| Patient Payment | | | | | | | Douglas Prevost \| Anchorage Fracture & Orthopedic Clinic | |
|---|---|---|---|---|---|---|---|---|
| DOS | Posting Date | Details | Charges | Payment | Adj. | | Ins Balance | Pat Balance |
| — | 01/26/2021 | Check - …24728 | — | 35.00 | — | | — | — |

| Product / Charge | | | | | | | Douglas Prevost \| Anchorage Fracture & Orthopedic Clinic | |
|---|---|---|---|---|---|---|---|---|
| DOS | Posting Date | Details | Charges | Payment | Adj. | | Ins Balance | Pat Balance |
| 01/26/2021 | 01/26/2021 | Medical Records / Medical Records | 35.00 | 35.00 | 0.00 | | 0.00 | 0.00 |

| Bill | | | | | | | Douglas Prevost \| Anchorage Fracture & Orthopedic Clinic | |
|---|---|---|---|---|---|---|---|---|
| DOS | Posting Date | Details | Charges | Payment | Adj. | | Ins Balance | Pat Balance |
| 10/20/2020 | — | CB000X048 | 319.00 | 0.00 | 0.00 | | 319.00 | 0.00 |
| 10/20/2020 | 10/30/2020 | 99203 - OFFICE/OUTPATIENT VI… | 319.00 | 0.00 | 0.00 | | 319.00 | 0.00 |

**Williams, Meadow** | 08/09/2002 | **MRN:** MM0000002621 | **PMS:** 110469PAT000002669

MMW-12-000046
Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief

Creekside Surgery Center
3831 Piper St., Suite S-110
Anchorage, AK 99508-4634  

RETURN SERVICE REQUESTED

Patient Name: MEADOW WILLIAMS
Billing Phone: 877-294-9977
Office Hours: 6:00 AM - 5:00 PM AKST

IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW

☐ VISA  ☐ MASTERCARD  ☐ DISCOVER  ☐ AMER. EXP.
CARD NUMBER                    EXP. DATE        AMOUNT

SIGNATURE

MUST INCLUDE 3 DIGIT
SECURITY CODE FROM
BACK OF CARD

| STATEMENT DATE | PAY THIS AMOUNT | ACCOUNT NO. |
|---|---|---|
| 8/19/2021 | $6,363.17 | 22917 |

CHARGES AND CREDITS MADE AFTER STATEMENT
DATE WILL APPEAR ON NEXT STATEMENT.

SHOW AMOUNT
PAID HERE  $

Stmt ID#: 1230437051

MEADOW WILLIAMS
680 WAYNE WILLIAMS LN
FAIRBANKS AK 99712-2813

0008 006284

110818-38

MAKE CHECKS PAYABLE / REMIT TO:

Creekside Surgery Center
3831 PIPER ST STE S110
ANCHORAGE AK 99508-4634

☐ Please check box if above address is incorrect or insurance
information has changed, and indicate change(s) on reverse side.

## STATEMENT

PLEASE DETACH AND RETURN TOP PORTION WITH
YOUR PAYMENT IN ENCLOSED ENVELOPE

| Transaction Date | Service Date | Description | Amount |
|---|---|---|---|
| 2/4/2021 | 2/1/2021 | BCBS Charge | $19,264.20 |
| 3/2/2021 | 2/1/2021 | BCBS Payment (ERA) | ($5,550.56) |
| 3/2/2021 | 2/1/2021 | BCBS Contractual WO | ($11,875.13) |
| 6/17/2021 | 2/1/2021 | BCBS Contractual WO | $4,524.66 |
| 6/17/2021 | 2/1/2021 | PPO Secondary Charge | $0.00 |
| 7/16/2021 | 2/1/2021 | PPO Payment (ERA) | $0.00 |

Thank you for using Creekside Surgery Center. Your satisfaction is
our primary concern. Please send the amount shown to the address
above. Again, thank you for visiting us.

| PATIENT AMOUNT DUE |
|---|
| $6,363.17 |



## STATEMENT
SEE REVERSE SIDE FOR IMPORTANT BILLING INFORMATION          110818-38

MMW-12-000083
Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 12 - Page 15 of 18
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 45 of 63

# Patient Statement Inquiry

## Patient : 16943 - Williams,Meadow M

| Date | Type | Description | Units | Amount |
|------|------|-------------|-------|--------|
| 02-18-2021 | 97110 | Therapeutic Procedure | 1.00 | 50.00 |
| | 97140 | Manual Therapy Techniques | 1.00 | 60.00 |
| | 97162 | PT Evaluation, Moderate Complexity | 1.00 | 125.00 |
| 02-25-2021 | 97016 | Vasopneumatic Devices | 1.00 | 25.00 |
| | 97110 | Therapeutic Procedure | 2.00 | 100.00 |
| | 97140 | Manual Therapy Techniques | 1.00 | 60.00 |
| 03-04-2021 | 97110 | Therapeutic Procedure | 2.00 | 100.00 |
| | 97140 | Manual Therapy Techniques | 1.00 | 60.00 |
| 03-11-2021 | 97016 | Vasopneumatic Devices | 1.00 | 25.00 |
| | 97110 | Therapeutic Procedure | 2.00 | 100.00 |
| | 97140 | Manual Therapy Techniques | 1.00 | 60.00 |
| 03-18-2021 | 97016 | Vasopneumatic Devices | 1.00 | 25.00 |
| | 97110 | Therapeutic Procedure | 2.00 | 100.00 |
| | 97140 | Manual Therapy Techniques | 1.00 | 60.00 |
| 03-19-2021 | Payment | Blue Cross of Oregon paid 0.00 for DOS 02/25/2021-02/25/2021 via check # RegenceBCBSofOregon, Batch # 03192021EEE. | | 0.00 |
| 03-19-2021 | Payment | Blue Cross of Oregon paid 0.00 for DOS 02/18/2021-02/18/2021 via check # RegenceBCBSofOregon, Batch # 03192021EEE. | | 0.00 |
| 03-25-2021 | Payment | Blue Cross of Oregon paid 0.00 for DOS 03/04/2021-03/04/2021 via check # RegenceBCBSofOregon, Batch # 03252021E. | | 0.00 |
| 04-01-2021 | 97016 | Vasopneumatic Devices | 1.00 | 25.00 |
| | 97110 | Therapeutic Procedure | 2.00 | 100.00 |
| | 97140 | Manual Therapy Techniques | 1.00 | 60.00 |
| 04-05-2021 | Payment | | | 0.00 |
| 04-14-2021 | Payment | Blue Cross of Oregon paid 0.00 for DOS 03/18/2021-03/18/2021 via check # REGENCEBSBSOFOR, Batch # 04142021E. | | 0.00 |

|  |  |
|--|--|
| Total Charges on Account: | 1135.00 |
| Total Payments on Account: | 0.00 |
| Total Discounts on Account: | 0.00 |
| Total Account Adjustments: | 0.00 |
| Total Account Charge Reversals: | 0.00 |
| Account Balance Due: | 1135.00 |

MMW-MB-000035
Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 46 of 63

## MAKE CHECKS PAYABLE TO:

ALPINE ANESTHESIA LLC
PO BOX 35145 #4008
SEATTLE WA 98124
ADDRESS SERVICE REQUESTED

| DATE | March 26, 2021 | ACCOUNT NUMBER |
|---|---|---|
| BALANCE DUE | $1050.00 | 77869633 |

| DUE UPON RECEIPT | SHOW AMOUNT PAID HERE $ |
|---|---|

**Billing Questions:**
Please Phone: (800) 222-1442
Mon-Fri 9:00 AM - 4:00 PM AKST
**ADDRESSEE:**

MEADOW WILLIAMS
680 WAYNE WILLIAMS LN
FAIRBANKS AK 99712-2813

**VISA** **DISCOVER**

TO PAY BY CREDIT OR DEBIT CARD
PLEASE PHONE: (800) 222-1442
OR VISIT US AT PAYNOW.ANESTHESIALLC.COM

**REMIT TO:**

ALPINE ANESTHESIA LLC
PO BOX 35145 #4008
SEATTLE WA 98124

**RECEIVED**
APR 1 2 2021
MLF - e - CC
BY: _____ **PAGE: 1 of 1**

E-mail: Customer.Service@AnesthesiaLLC.com
To receive future statements electronically please provide your email address. Email: _____

**STATEMENT**

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

KEEP THIS PORTION FOR YOUR RECORDS

# IMPORTANT - Bill for Anesthesia and/or Pain Management Services

These Charges are for Professional Services. If indicated insurance information is incorrect or missing please submit using form on reverse side. If you receive the insurance payment, please forward to the above address. Payment submitted with restrictive notation is subject to review. Interest will be charged if the balance is not paid in full or if you do not contact our office upon receipt. These Charges are for Professional Services We have filed a claim with your insurance company, the remaining copay/balance is your responsibility. ** If you received insurance payment, please send the insurance payment plus explanation of benefits to the pay-to address above. ** Thank you.

PRIMARY INSURANCE
PREMERA BLUE CROSS BLUE S
P.O. BOX 327, MAIL STOP 2
POLICY: ALV600925357GROUP: 9000000

SECONDARY INSURANCE
AETNA INSURANCE/CLAIMS
PO BOX 981106
POLICY: 918004128GROUP: 863871

| DATE | CODE | DESCRIPTIONS | CHARGES | CREDITS | BALANCE |
|---|---|---|---|---|---|
| 02/01/21 | 01470 | ANESTHESIA **SERVICE-NURSE** | 1050.00 | | |
| 03/25/21 | RQ | **NEED INS INFO SUBMIT FORM** | | | 1050.00 |

| MAKE CHECK PAYABLE MAIL TO: | ALPINE ANESTHESIA LLC PO BOX 35145 #4008 SEATTLE WA 98124 | **PLEASE PAY THIS AMOUNT ▶** | $1050.00 |
|---|---|---|---|

MEADOW WILLIAMS
PATIENT: 77869633

Please Phone: (800) 222-1442

MMW-12-000047

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 47 of 63   Ex 12: Page 17 of 18

*ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY*

*PO BOX 2874*
*CLINTON IA 52733-2874*



**EXPLANATION OF MEDICAL BILL PAYMENT**

**Date:** 05/27/2021
**Bill Received Date:** 05/25/2021
**Claim #:** 0608721205-03
**File Handler:** 2EH
**Invoice #:** 19800146053201
**Injured Person:** MEADOW WILLIAMS
**Treatment Rendered By:** PROVIDENCE ALASKA MEDICAL
**Provider Specialty:**
**TIN:** 92-0016429
**NPI:** 1053363119
**CMS ID:**

**Service Provided For:**
MEADOW WILLIAMS
680 WAYNE WILLIAMS LN
FAIRBANKS AK 99712-2813

---

**Diagnosis Codes/Present on Admission Indicator**
Z11.59    Encounter for screening for other vi    S83.241A    Other tear of medial meniscus, curre

| Date Of Service(s) From | Thru | Procedure/Revenue/NDC Code/Modifier | Description | Units | Billed Amount | Covered Amount | Reason Code(s) |
|---|---|---|---|---|---|---|---|
| 01/30/21 | 01/30/21 | U0003 0306 | Infectious agent detecti Laboratory - Bacteriolog | 1.00 $ | 120.00 | $ 0.00 | X924 |
| Total: | | | | $ | 120.00 $ | 0.00 | |

Eligible Amount Based on 100% of Covered Amount    $    0.00

**Reason Code(s):**
 X924 Coverage from another insurer is primary.

If you have any questions about this claim, please contact your file handler,
MICHAEL H. BELL at (866) 575-4363 ext 9817697

**Copy(s) of this Explanation of Benefits has been sent to:**
MERDES LAW OFFICE PC, PO BOX 71309 FAIRBANKS, AK, 99701



210527000565R0717 0001128
0002 0002

MMW-09-000137
Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 1, Page 18 of 18
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 48 of 63

RECEIVED
NOV 10 2021
BY: TNM



Allstate Insurance Company - Claims Payment Processing
P.O. Box 650048 , Dallas, TX 75265 , United States

MERDES LAW OFFICE PC
PO BOX 71309
FAIRBANKS AK  99707-1309

---

11/05/2021

MERDES LAW OFFICE PC,

ENCLOSED PLEASE FIND PAYMENT IN THE AMOUNT OF $57,291.92 FOR YOUR LOSS ON 8/20/2020.

PLEASE REFERENCE CLAIM DETAILS BELOW.

CLAIM NUMBER:  0608721205
DATE OF LOSS:  08/20/2020
INSURED:      NATHAN L WILLIAMS

In payment for Underinsured Motorist Bodily Injury for Date of Loss 8/20/2020.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
1-800-255-7828

0000020211105002040ZCT01001001002242

---

INSURED: NATHAN L WILLIAMS
CLAIMANT: MEADOW  WILLIAMS
IN PAYMENT OF: LOSS ON 8/20/2020.

| CLAIM NUMBER | | 122134715 |
| --- | --- | --- |
| 0608721205 | | |
| TAX ID | EMPLOYEE ID | |
| | J69W | 64-1278 |
| Bank of America NA Atlanta,Dekalb City,Georgia | Bank of America Customer Connection | 611 |

PAY: FIFTY-SEVEN THOUSAND TWO HUNDRED NINETY-ONE DOLLARS AND
NINETY-TWO CENTS

**Allstate**        Alaska Residents: Payable
                    if desired at Northrim Bank

**$ 57,291.92**

| INVOICE NUMBER | MCO | DATE ISSUED |
| --- | --- | --- |
| | 1310 | 11/05/2021 |

TO THE  MERDES LAW OFFICE PC AND MEADOW WILLIAMS
ORDER   PO BOX 71309
OF      FAIRBANKS AK  99701

COMPANY: ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

*Julie Parsons*

*John C Quintozzi*

VOID IF NOT PRESENTED WITHIN THREE HUNDRED, SIXTY-FIVE DAYS OF DATE OF ISSUE

AUTHORIZED SIGNATURES

⑆122134715⑆ ⑈061112788⑈ 329 911 9562⑈

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 49 of 63  Page 1 of 1

**Ward Merdes, JD/MBA**
Lori Merdes, Managing Agent
Mark Acord, A/R Investigation
Kate Turner, Paralegal
Natalie Sawn, Paralegal

## *Merdes Law Office, P.C.*

Kathleen Steinlein, Admin. Lead
Shannon Bluett, Administration
Monica Fields, Administration
Jennifer Phillips, Administration
Tina Travis, Administration

December 3, 2020

### NOTICE OF FIRST-PARTY CLAIMS

Allstate Insurance Company
7632 SW Durham Rd. #200
Tigard, OR 97224

FAXed: (866)447-4293

Re:      Our Client:       Meadow M. Williams
         Named Insured:    Nathan Williams (Claimant's Father)
         Claim No:         Unknown
         Policy No.        807 825 397
         Claim/DOL:        08/20/20

Dear Sir/Madam:

We represent Meadow M. Williams for injuries arising from a DOL: 08/20/20 MVC.
Please direct all related communication to me. Enclosed is our AS 34.35.430 Notice of
Attorney's Lien. Please acknowledge receipt.

Ms. Williams asserts an AS 28.20.445(c)(4) Resident Relative claim under her father,
Nathan Williams' Allstate Auto Policy No. 807 825 397 [Allstate form ACR65 and
Endorsements ACR221 and ACR223]. Nathan and Meadow physically reside in the
same household [680 Wayne Williams Ln., Fairbanks, AK 99712]. Meadow is thus
entitled to first-party coverage under Nathan's Allstate Auto Policy No.: 807 825 397.

**FACTS:** On DOL: 08/20/20 @ 1400 Tortfeasor Sean Sampson was NB on Cushman St.
driving a 2018 Subaru Sedan. At the same time, Meadow was a rear-seat passenger on
a Kawasaki Motorcycle (MC) driven by Jakob Lee. Mr. Lee was EB on Gaffney Rd.,
crossing Cushman St. on a Green light. Mr. Sampson ran a Red light, planting the front
of his 2018 Subaru sedan into the right (R) side of the Kawasaki MC, pinning Ms.
Williams (R) leg, knee and ankle against the MC. Meadow was wearing a helmet. No
police or EMS reported to the scene. Here is a Google | Earth view of the scene:



**National Board of Trial Advocacy - Board Certified Alaskan Personal Injury Attorneys**
455 3rd Ave., Suite 225 • P.O. Box 71309 • Fairbanks, AK 99707 • (907)452-5400
Fax (907)452-8879 • Toll Free (866)452-3741 • www.merdes.com

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 50 of 63  Page 1 of 7

Allstate / Notice of First Party Claims
   Named Insured:     Nathan Williams
   Our Client:         Meadow M. Williams
   Tortfeasor:         Sean Sampson (Country Financial)
   MVC/DOL:        08/20/20
December 3, 2020
Page -2-
--------------------------------------------------------------------------------

**DAMAGES:** Ms. Williams reported to Tanana Valley Clinic Urgent Care 20 minutes after the MVC, complaining of (R) side Lower Extremity pain, focused primarily on her (R) knee and (R) ankle. An 09/09/20 MRI revealed (R) knee "torn ligaments and tendons" with related edema. Ms. Williams is still attending PT twice a week. It appears she will likely need surgery to repair related nerve / tendon / ligament damage as paresthesia and pain in her (R) leg continue unabated. Related medical/surgical bills are expected to exceed $50,000.00.

Enclosed is a HIPAA Compliant Authorization for Release of Information. Care providers include:

| | |
|---|---|
| Tanana Valley Clinic<br>P.O. Box 73720<br>Fairbanks, AK 99707 | Fairbanks Memorial Hospital<br>1650 Cowles St.<br>Fairbanks, AK 99701 |
| Anchorage Fracture & Ortho Clinic<br>3831 Piper St. #S-220<br>Anchorage, AK 99508 | Providence AK Medical Center<br>3200 Providence Dr. #CB-111<br>Anchorage, AK 99508 |
| Fairbanks Psychiatric & Neurological Clinic<br>1919 Lathrop St. #220<br>Fairbanks, AK 99701 | Fairbanks Urgent Care Center<br>1867 Airport Way #130-B<br>Fairbanks, AK 99701 |
| ATI Physical Therapy<br>790 Remington Blvd.<br>Bolingbrook, IL 60440 | Fairbanks Imaging & Breast Center<br>1650 Cowles St.<br>Fairbanks, AK 99701 |

Call if Allstate needs help locating medical treatment records and bills. We will cooperate to expedite fair resolution of this claim.

Please also provide 3 AAC 26.040(a)(3) "assistance" to Ms. Williams, as Allstate's insured, by substantively addressing the following issues:

1.    **Permission to Settle/Litigate**: Defendant, Sean Sampson appears at fault for this incident, having violated 13AAC02.010(a)(3)(A) **Fail To Stop For Steady Red Traffic**. Research reveals Sampson may be insured by: Country Financial. This claim may be adjusted under Claim No.: 600-0059444.

Mr. Sampson's Country liability policy limits are unclear, but we expect to be offered liability policy limits. Allstate's first-party insurance policy may require us to secure Allstate's permission to accept liability money and issue a full release to Sean Sampson. Pursuant to 3 AAC 26.040(a)(2), we respectfully request Allstate's

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Page 51 of 63 · Page 2 of 7

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 51 of 63

Allstate / Notice of First Party Claims
   Named Insured:    Nathan Williams
   Our Client:        Meadow M. Williams
   Tortfeasor:        Sean Sampson (Country Financial)
   MVC/DOL:       08/20/20
December 3, 2020
Page -3-
--------------------------------------------------------------------------------

permission to accept liability "face" policy limits without impairing first-party claims.
*Coughlin v. Geico*, 69 P.3d 986, 989 (Alaska 2003) ("costs, interest, and attorney's fees are not to be included in determining whether policy limits have been exhausted for the purpose of drawing upon underinsured motorist coverage.").

**We are aware liability limits may not have yet been offered** to Ms. Williams, as Allstate's insured. We are asking for Allstate's permission now, in *anticipation* of such an offer. Please do not respond by saying this request is premature, forcing additional requests. Instead, please cooperate by conducting related research now. Then, *substantively* respond to this request. If Allstate does not respond to this request for first party permission to take liability funds, we will wait 15 days [pursuant to 3 AAC 26.040(a)(2)] and assume Allstate has given us permission to take liability funds - and issue a full release of claims - without affecting first-party rights. If Allstate responds merely by saying this request is premature, we will wait thirty days while Allstate conducts its good-faith investigation and then assume Allstate's permission to accept liability money without affecting first-party claims ... unless Allstate expressly advises otherwise, in writing. Please immediately advise, in writing, if Allstate objects to this assumption and action.

If Allstate would like to "buy out" Ms. Williams' liability claim against Mr. Sampson, please forward full liability "Policy Limits" and an appropriate assignment form for her consideration.

If Allstate is inclined to cooperate with this request, a first-party permission form is enclosed for Allstate's convenience. Please sign and FAX it back to our office at: (907)452-8879.

If Allstate's policy requires securing its permission to sue the tortfeasor, please also sign the enclosed permission form and FAX it back to us: (907)452-8879.

2.    **Evidence Retention**: Please preserve all evidence in any way related to this claim. This is a broad request, intended to preserve all spoliation, waiver and estoppel rights of every nature and kind. *Without limit, this request applies to all "black boxes" and data recording devices of every nature and kind.* We wish to analyze such devices and respectfully request the opportunity to do so.

3.    **Waiver of Claims Exceeding $50K+**: If Sean Sampson's liability limits are but 50/100 or 100/300, we sometimes offer to waive all liability claims exceeding $50K (or $100K) in exchange for Sean Sampson waiving a jury trial or arbitrating liability claims. This usually expedites resolution of Allstate's insured's claims.

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Page 3 of 7

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 52 of 63

Allstate / Notice of First Party Claims
   Named Insured:     Nathan Williams
   Our Client:         Meadow M. Williams
   Tortfeasor:         Sean Sampson (Country Financial)
   MVC/DOL:        08/20/20
December 3, 2020
Page -4-
--------------------------------------------------------------------------------

Please advise in writing if Allstate objects. This is an effort to expedite claim resolution for Allstate's insured and we request Allstate's good-faith consideration. If such efforts will negatively affect Meadow M. Williams's first-party insurance benefits due from Allstate in any way, please advise of that as well. A $50K (or $100K) Bench Trial or Arbitration permission form is enclosed for Allstate's convenience. Please sign it and FAX it back to us: (907)452-8879.

4.     **Assigning First-Party Claims**: Because it does not appear that Allstate's insured will ever be made whole, we respectfully request Allstate assign all First-Party subrogation / reimbursement claims to its insured. Again, recognizing this may be a premature request, designed to expedite resolution of this claim by thinking ahead, please investigate the tortfeasor's assets and advise of Allstate's position. An Assignment form is annexed.

5.     **Claim Preservation & Communication**: We seek to preserve all first-party rights. Please do not "Backdoor" or share ANY first-party information (UM/UIM, Med-Pay or otherwise) with any person or entity – including without limit, liability adjusters within your own organization. See *Betts v. Allstate Ins. Co.,* 154 Cal.App.3d 688, 201 Cal. Rptr. 528, 534-35 (1984) (cited with approval in *Maynard v. State Farm Mut. Auto. Ins. Co.*, 902 P.2d 1328, 1333 (Alaska, 1995)).

6.     **Compromising Claims**: Please do not interfere with our client (your insured's) right to compensation by selling or compromising first-party rights. Before doing so, please offer the same terms to your insured: Meadow M. Williams, via this firm. This is important to ensure Allstate's insured receives the maximum benefit of insurance coverage from Allstate. Please assure us in writing Allstate will comply with this most reasonable request.

7.     **Disclosing Coverages / Statements**: Pursuant to 3 AAC 26.060(a)(1), please disclose all relevant benefits and other provisions of coverage (under all insurance policies) by which this claim may be covered. Please mail us a *complete* copy of *all* policies (including without limit all household, resident relative policies and umbrellas), adjusting files, certified DEC sheets covering the DOL, log and research notes.

This is a broad request. If there is <u>any</u> chance an insurance policy may provide coverage for this incident, please produce the policy and a certified DEC sheet. Pursuant to AS 21.96.020 and 3 AAC 26.040(a)(3), please assist Allstate's insured by identifying: (1) all benefits and/or coverages due from Allstate and all other carrier/s per 3 AAC 26.060(1); (2) all related conditions, policy and coverage defenses; and (3) all legal counsel herein, including date/s of retention for each.

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Page 53 of 63

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 53 of 63  Page 4 of 7

Allstate / Notice of First Party Claims
   Named Insured:    Nathan Williams
   Our Client:       Meadow M. Williams
   Tortfeasor:       Sean Sampson (Country Financial)
   MVC/DOL:      08/20/20
December 3, 2020
Page -5-

-------------------------------------------------------------------------------

Please send us copies of all related recordings, including but not limited to all recorded statements completed by Allstate related to DOL: 08/20/20 MVC, including Sean Sampson's statement. Please demonstrate each occasion where Allstate has:

> <u>initially and at each renewal</u>, offer[d] coverage prescribed in AS 28.20.440 and 28.20.445 or AS 28.22 for the protection of the persons insured under the policy who are legally entitled to recover damages for bodily injury or death from owners or operators of uninsured or underinsured motor vehicles. [AS 21.96.020(c), Underlining Emphasis Added]

Our goal is to fully cooperate with Allstate to maximize coverage. Please help us.

8. **Notice of Negotiations**: Please keep us involved in all negotiations with all parties and carriers in any way associated with Allstate's insured's claim. This includes, without limit, all inter-company arbitration dealings, and third-party defendant dealings. We need Allstate's assistance to represent your insured.

9. **U/UIM Waiver/Compliance**: Please send us a complete copy of all Uninsured and Underinsured Motorist waiver and/or application forms signed by Nathan Williams and/or all household members. Please also advise if the same form has been appropriately approved by all regulatory agencies (including without limit the Alaska Division of Insurance) and send us a copy of each such approval.

10. **Demanding First-Party [U/UIM & MedPay] Policy Limits/Subrogation**: Ms. Williams' injuries are serious and permanent. They will likely affect her for the balance of her 60+ year life expectancy. If Allstate's AS 21.96.020(c) U/UIM selection/waiver form is appropriately approved by our client, **we respectfully demand immediate payment of all first-party U/UIM and Med-Pay limits.** Please investigate this claim and pay the same within the time provided by 3 AAC 26.040(a)(2). Please send all first-party policy payments, including U/UIM and Med-Pay, directly to us.

Please do not pay MedPay coverage directly to care providers.

Make all checks payable to: "Meadow M. Williams and Merdes Law Office, P.C." Also, if Allstate's investigation results in a valuation less than Allstate's full policy limits, please advise of its valuation, immediately paying all funds "not in dispute" as required by 3 AAC 26.070(a)(2). We also seek immediate notice if Allstate intends to pursue its *Ruggles v. Grow* subrogation claims/rights.

11. **CR 35 Exams:** If our client, your insured, either agrees to attend, or is ordered to attend a CR 35 exam, be assured our client will act reasonably to timely attend.

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Page 5 of 7

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 54 of 63

Allstate / Notice of First Party Claims
  Named Insured:    Nathan Williams
  Our Client:       Meadow M. Williams
  Tortfeasor:       Sean Sampson (Country Financial)
  MVC/DOL:          08/20/20
December 3, 2020
Page -6-
----------------------------------------------------------------------------------

At the same time, our client will not be bound by any related "late," "cancellation" or other charges negotiated by any other person or entity. We will also attend and a member of my office will videotape the proceeding.

Please do not have Allstate's CR 35 experts engage in *ex parte* contact with this office pursuant to Alaska Bar Association Ethics Opinion 85-2: "Ex parte contacts should not be made with expert witnesses retained by an opposing counsel or party." We are counting on Allstate to communicate with its CR 35 examiner, if any. <u>Please be advised: We will not respond, nor forward to Allstate any communication from its experts, including (without limit) communication from "Independent Medical Examiners" and/or their associates for any reason, including scheduling.</u> We will communicate only with Allstate or its appointed legal counsel.

12.  **Arbitration**: If the insurance policy Allstate sold our client allows arbitration, we respectfully request Allstate's good-faith effort to resolve these claims via arbitration, particularly in light of COVID-19 and our inability to secure jury trials. See *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 699 (Alaska 2014). We demand arbitration of all first-party coverages (U/UIM, MedPay, PIP, etc.) now. We would like to coordinate this arbitration with any liability arbitration to minimize related attorney fees/costs. See CR 82(b)(3)(E). Our arbiter is Zane Wilson c/o CSG Attorneys, 714 4th Ave. #200, Fairbanks, AK 99701. Please name Allstate's arbiter so we may move toward resolution of this claim.

13.  **Please Do Not Use Colossus**: Meadow M. Williams, your insured respectfully requests Allstate <u>not</u> use Colossus (as licensed by Computer Sciences Corporation or otherwise) in valuing Meadow M. Williams's claims.

This request is made because Colossus is a self-limiting program, designed to *automatically* minimize first-party claims such as this. Because insuring agreements, such as the one Allstate sold Nathan Williams herein, create a fiduciary relationship and requires Allstate act in good-faith, it would be wrong to employ a program that automatically limits its insured's recovery and injures our client's ability to receive the benefits of that insuring agreement. *Guin v. Ha*, 591 P.2d 1281, 1291 (Alaska 1979):

In every contract, including policies of insurance, there is an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other party to receive the benefits of the agreement."

14.  **New Dollars**: Settlement – if any – shall be for "new dollars." We do not consider off-sets in settlement. We are not seeking double-recovery, but rather payment in full of the amount we may agree upon. Also, liens are expected to be honored by the recipients thereof unless otherwise agreed in writing. We do not offer a

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Page 6 of 7

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 55 of 63

Allstate / Notice of First Party Claims
   Named Insured:    Nathan Williams
   Our Client:       Meadow M. Williams
   Tortfeasor:       Sean Sampson (Country Financial)
   MVC/DOL:      08/20/20
December 3, 2020
Page -7-
-------------------------------------------------------------------------------

release in first-party claim resolution, unless Allstate's insurance policy specifically requires the same.

**15.**     **Additional Conditions**: Please provide 3 AAC 26.040(a)(3) assistance to Allstate insured, Meadow M. Williams, by advising in writing of ALL conditions incident to all rights to applicable coverages under all applicable insurance policies. We want to cooperate, ensuring full compliance with the Allstate insurance policy and wish to avoid prejudicing Allstate in any way.

Please let me know if any of the above is confusing, or if we may provide additional information to help you fully and substantively respond. We look forward to receiving Allstate's claim evaluation and payment of all funds not in dispute in the time required by law.

Thank you.

MERDES LAW OFFICE, P.C.

Ward Merdes
WMM/klt

Enc.:          Attorney's Lien Notice (1p)
              HIPAA Compliant Authorization for Release of Information (1p)
              Permission to Accept Liability Limits and Release Tortfeasor (1p)
              Consent to Sue Tortfeasor (1p)
              Permission to Arbitrate or Have Capped Bench Trial (1p)
              Assignment of First Party Claims (1p)
c:            Meadow M. Williams (w/enc.)

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Page 56 of 63 · Page 7 of 7

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 56 of 63

 PO BOX 2874
CLINTON IA 52733
You're in good hands.

RECEIVED

SEP 08 2021

BY: [signature]

MERDES LAW OFFICE PC
PO BOX 71309
FAIRBANKS AK 997071309

August 30, 2021

INSURED: NATHAN WILLIAMS
DATE OF LOSS: August 20, 2020
CLAIM NUMBER: 0608721205 2EH

POLICY NUMBER: 000807825397

PHONE NUMBER: 866-575-4363
FAX NUMBER: 608-373-7383
OFFICE HOURS: Mon - Fri 7:00 am - 7:30 pm,
Sat 8:00 am - 4:30 pm

## Re: Your Claim Status

Dear MERDES LAW OFFICE PC,

We appreciate the time you've spent assisting us with your claim. We have carefully examined the circumstances surrounding this loss and believe, at this time, we have sufficient information to make a decision regarding your claim.

There is no coverage available for the loss that occurred on August 20, 2020. As a result, we will not be able to make any payment for the following reasons: per policy wording exclusion 6 "to any person arising out of the ownership, maintenance, or use of a motor vehicle with less than four wheels". You client was on a motorcycle at the time of the loss, therefore there is no medical coverage for this loss.

Please call us at the number below and refer to our claim number if you wish to discuss any aspect of this case, including this letter.

Sincerely,

*MICHAEL BELL*

MICHAEL BELL
866-575-4363 Ext. 9817697
Allstate Fire and Casualty Insurance Company

GEND003                0608721205 2EH

100009021080OTR0300016550010010009441



Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 5, Page 1 of 1
Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 57 of 63

**Ward Merdes, JD/MBA**

Lori Merdes, Managing Agent
Mark Acord, A/R Investigation
Kate Turner, Paralegal
Natalie Sawn, Legal Assistant

# $\mathcal{M}$erdes $\mathcal{L}$aw $\mathcal{O}$ffice, P.C.

Kathleen Steinlein, Administration
Shannon Bluett, Administration
Monica Fields, Administration
Jennifer Phillips, Administration
Taylor Mann, Administration
Jordan Fredriksson, Administration

November 22, 2021

Michael Bell, MedPay Adjuster                          FAXed: 608-373-7383
% Allstate Fire and Casualty Ins. Co.
P.O. Box 2874
Clinton, IA 52733

Re:   My Client:                    Meadow M. Williams
      Allstate Insureds:            Nathan L. Williams (Named)
                                    Meadow M. Williams (Resident) (DOB: 08/09/02)
      Allstate Auto Policy #:       807 825 397
      Allstate Claim #:             0608721205 2EH
      MVC/DOL:                      08/20/20

**MedPay Coverage Analysis & Request For Denial Reconsideration**

Mr. Bell:

I represent Meadow M. Williams (Meadow), an Allstate Fire and Casualty Ins. Co.
(Allstate) insured who was injured in an Automobile/Motorcycle Crash on DOL: 08/20/20
in Fairbanks, Alaska. You are Allstate's Medical Payments (MedPay) adjuster.

At issue is whether Allstate will pay the $44,482.05 of medical/surgical bills incurred by
Meadow after her Right (R) knee was crushed on DOL: 08/20/20.

I trust we agree: (1) 18-year-old Meadow was a "Resident" of her father, Nathan L.
Williams' home at 680 Wayne Williams Ln. Fairbanks, Alaska on DOL: 08/20/20; (2)
Allstate sold Nathan $100K of "Part II Automobile Medical Payments Coverage CC"
under Allstate Policy #: 807 825 397 [**Ex. 1:** Dec Sheet]; and (3) Allstate's MedPay
coverage provides:

> **Part 2**
> **Automobile Medical Payments**
> **Coverage CC**
> --------------------------------------------------------------------------------
> **General Statement Of Coverage**
> If a premium is shown on the Policy Declarations for **Automobile Medical
> Payments, we** will pay to or on behalf of an **insured person** reasonable
> expenses actually incurred by the **insured person** for necessary medical
> treatment, medical services or medical products actually provided to the
> **Insured person** by a state licensed health care provider.

[**Ex. 2** p. 9/16 Allstate form ACR65 Auto policy]

**National Board of Trial Advocacy - Board Certified Alaskan Personal Injury Attorneys**
455 3rd Ave., Suite 225 • P.O. Box 71309 • Fairbanks, AK 99707 • (907)452-5400
Fax (907)452-8879 • Toll Free (866)452-3741 • www.merdes.com

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. G, Page 1 of 5

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 58 of 63

Michael Bell – MedPay Adjuster
  My Client:           Meadow M. Williams
  Allstate Claim #:     0608721205 2EH
  MVC/DOL:         08/20/20
November 22, 2021
Page -2-
--------------------------------------------------------------------------------

Your 08/30/21 letter [**Ex. 3**] declines to provide Meadow with MedPay coverage solely in reliance upon Allstate's Alaska Auto form ACR65 MedPay exclusion #6 found in "Part II Automobile Medical Payments Coverage CC." This MedPay exclusion provides:

> **Exclusions – What is Not Covered**
> This coverage does not apply to bodily injury:
> ***
>
> 6.      to any person arising out of the ownership, maintenance, or use of a **motor vehicle** with less than four wheels.

You conclude: "You (sic) client was on a motorcycle at the time of the loss, therefore there is no medical coverage for this loss."

ANALYSES

There are at least three (3) reasons why Allstate should extend the $100K of MedPay coverage it sold Nathan Williams in Auto Policy #: #: 807 825 397 to Meadow's injuries arising DOL: 08/20/20:

1.      **Allstate Relies Upon The Wrong Auto Policy Form:** Your 08/30/21 Medpay Denial letter [**Ex. 3**] relies solely upon MedPay Exclusion #6 found in Allstate Auto form ACR65. Unless Allstate can demonstrate that Allstate actually served Nathan Williams with form ACR65 *before* DOL: 08/20/20, the correct form of Allstate Auto coverage in effect on DOL: 08/20/20 was Allstate Auto form AFA48 (as amended by endorsements AU14760 and AU10695-3). As I am sure you are aware, Allstate Auto form AFA48 does NOT include the "less than four wheels" MedPay exclusion relied upon by Allstate herein. [**Ex. 4** p. 8/21 Allstate form AFA48] Meadow would thus be entitled to MedPay coverage under Williams/Allstate Auto policy #: 807 825 397.

<u>Please send me all evidence that Allstate appropriately served Nathan L. Williams with Allstate Auto form ACR65 before DOL: 08/20/20</u>.

2.      **Allstate's MedPay Exclusion #6 Is Inapplicable:** Even if Allstate can prove it amended Nathan Williams' form AFA48 auto coverage to form ACR65 *before* DOL: 08/20/20, Meadow remains entitled to MedPay coverage for injuries arising DOL: 08/20/20. This is because MedPay Exclusion #6 is inapplicable.

Contrary to assertions in your 08/30/21 MedPay coverage denial letter – <u>the subject MVC "arose out of" Meadow being hit by a four (4) wheel vehicle (specifically, a 2018 blue Subaru sedan) driven by tortfeasor Sean Sampson</u>. It did not arise "out of the ownership, maintenance, or use of a **motor vehicle** with less than four wheels" as you allege.

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Page 2 of 5

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 59 of 63

Michael Bell – MedPay Adjuster
   My Client:              Meadow M. Williams
   Allstate Claim #:        0608721205 2EH
   MVC/DOL:            08/20/20
November 22, 2021
Page -3-
--------------------------------------------------------------------------------

I note that Allstate has already paid Meadow $50K UIM "Policy Limits" under Williams/Allstate Auto Policy #: 807 825 397. I am thus certain Allstate understands the facts underlying this MVC.[1] Specifically, this wreck was caused by tortfeasor Sean Sampson. Mr. Sampson was *solely* at fault. He ran a Red light while NB on Cushman, crossing Gaffney Rd. in Fairbanks. At the same time, Meadow was a passenger on a motorcycle, driven by Jakob Lee headed EB Gaffney Rd. Mr. Lee had the undisputed right of way under 13 AAC 02.010(a)(3)(A):

> (A) vehicular traffic facing a steady circular red signal may not enter the intersection and must stop at a clearly marked stop line or, if none, before entering the crosswalk on the near side of the intersection or, if none, before entering the intersection.

In *Ferrell v. Baxter*, 484 P.2d 250, 257-258 (Alaska 1971), the Alaska Supreme Court held that violation of an Administrative Code provision amounts to negligence *per se*:

> A violation of a statewide administrative traffic regulation adopted pursuant to statutory authority must be equated with a violation of a traffic statute itself. The violation of either an applicable traffic statute or regulation which has been adopted by the court as a standard of reasonable behavior is negligence per se.

MedPay Exclusion #6 (Allstate Auto form ACR65) is thus inapplicable because Meadow's bodily injuries did not arise "out of the ownership, maintenance, or use of a **motor vehicle** with less than four wheels" as alleged by Allstate, but rather Meadow's injuries arose out of Mr. Sampson's negligent operation of his **2018 blue Subaru sedan … with four (4) wheels**. Sampson ran a Red light.

**3.** **Allstate's MedPay Exclusion #6 is Ambiguous and Narrowly Construed**: As you know, the adhesion nature of insurance policies requires that ambiguous provisions be construed in favor of coverage, and exclusions (such as MedPay Exclusion #6 herein) be narrowly construed. *State Farm Mut. Auto. Ins. Co. v. Houle*, 269 P.3d 654, 657-658 (Alaska 2011); *Hillman v. Nationwide Mut. Fire Ins. Co.*, 758 P.2d 1248, 1250 (Alaska 1988).

Meadow satisfies every condition and every definition under Allstate's MedPay coverage. Indeed, there is no question that Meadow would have enjoyed MedPay coverage if she had been a *pedestrian* when struck by the 2018 Blue Subaru driven by Sampson because Allstate's definition of an "**Insured Person** [**Ex. 2** p. 9/16] embraces claims arising when "struck as a pedestrian by a **motor vehicle**…"

---

[1]   **Ex. 5** is my original 12/03/20 Representation Letter to Allstate. I therein: (1) identify Meadow's Health Care Providers; (2) include a HIPAA compliant Records Authorization; (3) ask Allstate to gather Meadow's related medical bills; and (4) ask Allstate to forward payment for these bills under Williams/Allstate Policy #: 807 825 397.

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Page 3 of 5

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 60 of 63

Michael Bell – MedPay Adjuster
  My Client:               Meadow M. Williams
  Allstate Claim #:      0608721205 2EH
  MVC/DOL:           08/20/20
November 22, 2021
Page -4-
--------------------------------------------------------------------------------

More importantly, the Alaska Legislature eliminated "efficient proximate cause" arguments as found in *State Farm Fire & Cas. Co. v. Bongen*, 925 P.2d 1042 (Alaska 1996). AS 21.36.096 provides:

> **Sec. 21.36.096. Prohibited denial of claim for causation.**
> An insurer may not deny a claim if a risk, hazard, or contingency insured against is the dominant cause of a loss and the denial occurs because an excluded risk, hazard, or contingency is also in a chain of causes but operates on a secondary basis.

It would thus be wrong for Allstate to deny Ms. Williams' MedPay claim when the "dominant cause" of Meadow's injuries is negligence by Mr. Sampson while driving a four-door 2018 Subaru … with *four* wheels.

AMOUNT OWED BY ALLSTATE

**Ex. 6** is an Evidence Rule 1006 summary of related medical *bills* arising from the DOL: 08/20/20 MVC and orthopedic surgeon Douglas Prevost, MD's 02/01/21 surgical repair efforts. It amounts to $44,482.05. PT continues at ATI Physical Therapy in Fairbanks.

Please note that Meadow's injuries are quite serious. Dr. Prevost's 08/03/21 Treatment Notes indicate that 18-year-old Meadow now has medial compartment *osteoarthritis* in her left knee:

> **Tests**
>
> **Order Plain X-ray/Interpretation**
>
> INTERPRETATION(S)
>
> Specific Findings: Radiographs available for review include 4 views of the right knee dated 8/3/2021. There is some mild narrowing of the medial joint space noted. Lateral compartment is well-preserved. Patellofemoral compartment is well-preserved. Patella tracks central within the trochlear groove. No fractures or dislocations are noted. No other bony or soft tissue abnormalities are noted.
>
> Impression: Mild medial compartment osteoarthritis left knee
> ----------

CONCLUSION

For the above reasons, Meadow Williams is entitled to MedPay coverage under her father, Nathan Williams' Allstate Auto Policy #: 807 825 397. I respectfully request withdrawal of your 08/30/21 MedPay denial letter.

Please promptly remit the full amount detailed on **Ex. 6**, **$44,482.05**. Make the check payable to: "Meadow Williams and Merdes Law Office, P.C."

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Ex. 6, Page 4 of 5

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 61 of 63

Michael Bell – MedPay Adjuster
  My Client:           Meadow M. Williams
  Allstate Claim #:      0608721205 2EH
  MVC/DOL:          08/20/20
November 22, 2021
Page -5-
--------------------------------------------------------------------------------

**NOTE:** We do not accept "In Trust For" or "ITF" check designations.

Because Meadow continues with related care, and the subject MedPay coverage applies for *at least*[2] three years (and possibly *five* years) after DOL, Allstate should expect future claims for additional care.

Of course, no waiver, nor estoppel is intended by this or any other communication from my office. All rights are expressly reserved.

Please phone if you have related questions and/or concerns.

Thank you.

MERDES LAW OFFICE, P.C.

Ward Merdes
WMM/klt
Enc.:          **Ex. 1**: Williams/Allstate DEC Sheet Policy #: 807 825 397
              **Ex. 2**: Allstate Auto Policy Form ACR65
              **Ex. 3**: 08/30/21 Bell/Allstate MedPay Denial Letter
              **Ex. 4**: Allstate Auto Policy Form AFA48
              **Ex. 5**: 12/03/20 Merdes Representation Letter w/o Exhibits
              **Ex. 6**: ER 1006 Medical *Billing* Summary w/Records
c:             Meadow Williams (w/o enc.)
             Nathan Williams (w/o enc.)

---

2       Form ACR65 provides for three (3) years of MedPay coverage. (**Ex. 2 p. 9/16**: "The treatment, services, or product must be rendered within three years after the date of the accident.") Form AFA48 provides for five (5) years of MedPay coverage. (**Ex. 4 p. 7/21**: The time period for necessary treatment actually rendered will be extended to five years from the date of the accident if the amount of insurance shown on the Policy Declarations is more than $5,000.")

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
62 of 63 - Page 5 of 5

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 62 of 63

In response to your request for reconsideration of the medical payments denial. As our policy states for medical payments coverage the coverage does not apply based on the policy exclusion 6. To any person arising our of the ownership, maintenance, or use of a motor vehicle with less than four wheels. Since the loss involved a motorcycle, the coverage would not apply.

MICHAEL BELL
Allstate Fire and Casualty Insurance Company
Phone: (866) 575-4363 x9817697
Fax: (608) 373-7383
claims@claims.allstate.com

CONFIDENTIALITY/PRIVACY NOTICE: This e-mail, including any attachments, may contain personal, private and confidential information intended solely for use by the individual to whom it is addressed. If you are not the intended addressee, please be aware that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you received this message in error, please notify the sender immediately by e-mail and delete from your system.

**** Please do not delete your unique Conversation ID ****

*** Conversation ID: FRc10d16e383154f ***

P_CLAIMS_EOB7B_FREEFORMTEXT_T

EMAIL_TO:claims@claims.allstate.com

Williams v. Allstate Fire and Casualty Insurance Co.
Complaint for Breach of Contract and Declaratory Relief
Page 63 of 63 Page 1 of 1

Case 4:22-cv-00006-JMK   Document 1-1   Filed 03/04/22   Page 63 of 63